Civil action instituted to recover damages for the alleged wrongful death of Paul Rouse and Lee Bell, and damages for personal injuries to George Rouse. The three cases were consolidated for trial.
Paul Rouse and Lee Bell were killed and George Rouse was injured when a truck owned by the defendant, Jesse G. Brown, and driven by his codefendant, John K. Dawson, collided with the bicycles on which Paul Rouse, Lee Bell and George Rouse were riding. The collision occurred between 5:30 and 6:00 p.m., 8 January, 1947, on the highway leading from Kinston to Pink Hill by way of Caswell Street Bridge.
According to the evidence offered in the trial below, Paul Rouse and Lee Bell were both riding the leading bicycle, and George Rouse was riding singly and following behind the other boys about the length of the bicycle. The boys were proceeding westwardly from Kinston, on the paved highway about 5:30 in the afternoon, riding on their right-hand side of the paved portion of the highway, near the right edge of the pavement. Lee Bell was riding on the cross-bar of the leading bicycle, and was holding in his hand a flashlight; and as the boys observed *Page 214 
two cars and a truck meeting them, they turned off the paved portion of the road to their right and were proceeding on the shoulder of the road "about 2 to 2 1/2 feet" from the pavement. The driver of defendant's truck, in attempting to pass the two automobiles, drove his truck over on the left side of the highway and off the paved portion thereof onto the shoulder along which the boys were riding. The truck and the bicycles collided, resulting in the death of Paul Rouse and Lee Bell, and the serious injury of George Rouse. The body of Paul Rouse was knocked about 50 feet from the point of impact and the body of Lee Bell was thrown over the cab of defendant's truck and fell in the back of the truck.
The defendant Dawson testified he was driving about 35 miles an hour when he started to pass an automobile just before the collision; that his lights were fair and his brakes were good, that he could see about 150 feet ahead of him, but he did not see the bicycle on which Paul Rouse and Lee Bell were riding, until he was about 5 yards from it, and never did see but one bicycle and one boy. He further testified: "When you pull out from a car in front your lights don't shine down the highway then; and by the time my lights came back on the highway there were those boys; I didn't go completely off the highway. As I turned to the left I could see not over 15 or 20 feet down the highway. . . . You could see a human being 25 feet; that was as far as I did see him with my lights as they were that night. I could see 50 feet if I had had the bright lights on, I must have had the dim lights on." Defendant offered evidence tending to show the collision took place on the paved portion of the road and that the bicycles were not lighted.
At the close of the evidence offered in behalf of the respective plaintiffs, the defendants moved for judgment as of nonsuit. The motion was denied, but upon renewal of the motion at the close of all the evidence, the motion was allowed as to each action, and judgment was entered accordingly.
Plaintiffs appeal, assigning error.
The evidence offered by the respective plaintiffs in the trial below is sufficient to carry these cases to the jury on the issues of defendants' alleged negligence. Phillips v. Nessmith, 226 N.C. 173,37 S.E.2d 178; Wall v. Bain, 222 N.C. 375, 23 S.E.2d 330; Pearson v. Luther,212 N.C. 412, 193 S.E. 739; Lincoln v. R. R., 207 N.C. 787,178 S.E. 601.
The defendants contend that if it be conceded that the defendant Dawson was operating the truck of his codefendant in a negligent manner *Page 215 
at the time of the collision referred to herein, these plaintiffs are not entitled to recover as a matter of law, by reason of the contributory negligence of George Rouse and the intestates as shown by the evidence.
Conceding, but not deciding, that there is evidence of contributory negligence on the part of George Rouse and the intestates, it is not of such a character as would justify holding it to be so as a matter of law. The evidence offered on this record justifies the conclusion that these cases should be submitted to the jury on the proper issues raised by the pleadings. Wall v. Bain, supra; Manheim v. Blue Bird Taxi Corp.,214 N.C. 689, 200 S.E. 682; Pearson v. Luther, supra.
The judgment of the court below is
Reversed.