C. J. HILL v. J. H. LOPEZ, TRADING AS WRIGHT AND LOPEZ.

(Filed 19 December, 1947.)

**1. Automobiles § 20a—**

A guest in an automobile will not be held contributorily negligent as a matter of law on the ground that he knew the propensity of the driver for speeding and failure to keep a proper lookout when the evidence shows that the driver slowed down before entering an intersection with another highway and was traveling at a speed of 35 miles an hour, notwithstanding evidence that the driver did not see the truck approaching along the intersecting highway until it was called to his attention by the guest immediately before the collision. In this case the car had entered the intersection and its front was beyond the center of the intersecting highway when the truck struck its side.

**2. Automobiles § 8i—**

The failure of a motorist traveling upon a servient highway to stop in obedience to a sign before entering an intersection with a dominant highway is not negligence *per se* and is insufficient alone to make out a *prima facie* case of negligence, but is only evidence of negligence to be considered along with other facts and circumstances adduced by the evidence, and an instruction that failure to stop in obedience to the sign is negligence, must be held for reversible error.

**3. Automobiles § 18b—**

The operator of a motor vehicle is under duty to exercise that care which an ordinarily prudent person would exercise under the same circumstances for his own safety and the safety of others, but he is not under duty to anticipate negligence on the part of others, in the absence of anything which gives or should give notice to the contrary, and is

entitled to assume, and act on the assumption, that others will exercise ordinary care for their own safety.

APPEAL by defendant from *Pittman, J.,* at May Term, 1947, of STANLY.

This is a civil action to recover damages for personal injuries sustained by the plaintiff in a collision of the defendant's truck with the automobile of one Pennington in whose car the plaintiff was a passenger. The collision occurred at the intersection of Highways No. 421 and No. 102 at Spivey's Corner in Sampson County on 19 April, 1946. Both highways are of asphalt construction.

The plaintiff was a passenger in the Pennington automobile which was being operated in a westerly direction over Highway No. 421. The defendant's truck was being driven in a southerly direction over Highway No. 102.

The front of the Pennington car had passed the center of the intersection when the defendant's truck collided with it. The truck was about four feet east of the center line of Highway No. 102 when it hit the center of the Pennington car on its right side.

According to the evidence of the plaintiff the Pennington car had slowed down before entering the intersection and at the time of the collision was being driven at a speed of about 35 miles per hour; and the defendant's truck was being operated at a speed of 50 miles or better. The plaintiff did not see the defendant's truck until an instant before the collision, when he said, "Look out! We are hit!"

North of the intersection, and on the west side of Highway No. 102 there were three signs: A stop sign 59 feet from the northern edge of Highway No. 421, a slow sign approximately 200 feet north of the intersection, and a junction sign approximately 350 feet north of the intersection.

Defendant's agent drove its truck into the intersection without stopping at the stop sign.

Highway No. 421, being the dominant or arterial highway, had a junction sign 350 feet east of the intersection.

The only obstruction to the approach of the intersection of these highways was a service station located at the northeast intersection thereof.

The issues of negligence, contributory negligence and damages were answered in favor of the plaintiff. From judgment entered on the verdict, the defendant appeals, assigning error.

*Morton & Williams for plaintiff, appellee.*
*R. L. Smith & Son for defendant, appellant.*

DENNY, J.   The defendant assigns as error the refusal of the court below to sustain its motion for judgment as of nonsuit on the ground that the plaintiff was guilty of contributory negligence as a matter of law.

The appellant is relying upon *Bogen v. Bogen,* 220 N. C., 649, 18 S. E. (2d), 162, and similar cases from other jurisdictions to sustain its contention.   In the above case there was evidence to the effect that the guest passenger knew the driver of the car was "in the habit of operating his automobile in a reckless manner at an excessive speed and without keeping a proper lookout," and at the time of the accident was driving 60 to 70 miles per hour and "was not looking and did not see the other car" until the guest passenger called his attention to it.   However, the evidence as disclosed on this record as to the manner in which the Pennington car was being driven at the time the plaintiff sustained his injury, would not justify holding that this plaintiff was guilty of contributory negligence as a matter of law.   The ruling of his Honor in this respect will be upheld.   *Cowper v. Brown,* 228 N. C., 213, 44 S. E. (2d), 878; *Hobbs v. Drewer,* 226 N. C., 146, 37 S. E. (2d), 121; *Henderson v. Powell,* 221 N. C., 239, 19 S. E. (2d), 876; *Groome v. Davis,* 215 N. C., 510, 2 S. E. (2d), 771.

The appellant also assigns as error the instruction of the court to the effect that if the agent of the defendant drove the defendant's truck into the intersection without heeding the warning of the stop sign "then that would be what is termed in law as negligence, and any person traveling on Highway No. 421 did have the right to assume that any person traveling on Highway No. 102 would heed the signs on Highway No. 102; that is the warning signs on Highway No. 102."   This assignment of error will be upheld.

The statute, G. S., 20-158, which authorizes the State Highway & Public Works Commission to designate main traveled or through highways by erecting at the entrance thereto from intersecting highways signs notifying drivers of vehicles to come to a full stop before entering or crossing such designated highway, and providing that when such signs have been so erected it shall be unlawful for the driver of any vehicle to fail to stop in obedience thereto, also contains the following provisions: "No failure so to stop, however, shall be considered contributory negligence *per se* in any action at law for injury to person or property; but the facts relating to such failure to stop may be considered with the other facts in the case in determining whether the plaintiff in such action was guilty of contributory negligence."

The above provision of the statute was construed in the case of *Sebastian v. Motor Lines,* 213 N. C., 770, 197 S. E., 539, where it is held: "If the failure to come to a full stop before entering or crossing

a through highway in obedience to any such sign duly erected is not to be considered contributory negligence *per se* on the part of a plaintiff in any action at law for injury to person or property, but only evidence of such negligence, we think it follows as a necessary corollary or as the rationale of the statute, that where the party charged is a defendant in any such action, the failure so to stop is not to be considered negligence *per se*, but only evidence thereof to be considered with other facts in the case in determining whether the defendant in such action is guilty of negligence." Likewise, in *Groome v. Davis, supra,* this Court said: "Failure to observe the stop sign is not negligence *per se,* not even, *prima facie* negligence, just evidence of negligence." Therefore, under the statute and our decisions the failure of a motorist traveling upon a servient highway to stop in obedience to a stop sign erected by the State Highway & Public Works Commission as authorized by the statute, G. S., 20-158, is not negligence, but only evidence thereof which may be considered along with other facts and circumstances adduced by the evidence, in passing upon the question of negligence. *Reeves v. Staley,* 220 N. C., 573, 18 S. E. (2d), 239.

Consequently, the failure of the driver of the defendant's truck to stop, in obedience to the stop sign erected by the State Highway & Public Works Commission on Highway No. 102, before entering the intersection with Highway No. 421, a dominant highway, was not negligence *per se,* but such failure to stop is evidence of negligence. However, such evidence standing alone would be insufficient to make out a *prima facie* case of negligence against the defendant. *Templeton v. Kelley,* 215 N. C., 577, 2 S. E. (2d), 696; *Groome v. Davis, supra; Marsh v. Byrd,* 214 N. C., 669, 200 S. E., 389.

It is the duty of the operator of a motor vehicle to exercise that degree of care for his own safety and the safety of others, which an ordinarily prudent person would exercise under similar circumstances. But as said in *Reeves v. Staley, supra,* "A motorist is not under a duty of anticipating negligence on the part of others, but in the absence of anything which gives or should give notice to the contrary, a person is entitled to assume, and to act on the assumption, that others will exercise ordinary care for their own safety. 45 C. J., 705; *Shirley v. Ayers,* 201 N. C., 51, 158 S. E., 840. See, also, *Cory v. Cory,* 205 N. C., 205, 170 S. E., 629; *Jones v. Bagwell,* 207 N. C., 378, 177 S. E., 170; *Hancock v. Wilson,* 211 N. C., 129, 189 S. E., 631; *Sebastian v. Motor Lines,* 213 N. C., 770, 197 S. E., 539; *Guthrie v. Gocking,* 214 N. C., 513, 199 S. E., 707; *Butner v. Spease, supra* (217 N. C., 82, 6 S. E. (2d), 880)."

For the reasons pointed out herein, the defendant is entitled to a new trial and it is so ordered.

New trial.