J. M. NICHOLS, ADMINISTRATOR OF THE ESTATE OF ALLEN NICHOLS, DE-
CEASED, v. J. M. GOLDSTON, TRADING AND DOING BUSINESS AS GOLD-
STON MOTOR EXPRESS,

and

OLA P. HIX, ADMINISTRATRIX OF THE ESTATE OF DAVIS JEFFERSON HIX,
DECEASED, v. J. M. GOLDSTON, TRADING AND DOING BUSINESS AS GOLD-
STON MOTOR EXPRESS.

(Filed 25 February, 1948.)

**1. Automobiles § 18h (2)—**

Plaintiffs' evidence tending to show that defendant's tractor with trailer
was being driven at a speed of 35 miles per hour and entered an inter-
section with another highway without slackening speed or giving signal or
warning, and collided with the truck in which plaintiffs' intestates were
riding, which had already entered the intersection, *is held* sufficient to
overrule defendant's motions as of nonsuit on the issue of negligence not-
withstanding that defendant's vehicle was being operated upon the domi-
nant highway. G. S., 20-141 (b) (3) ; G. S., 20-141 (c).

**2. Automobiles § 8i—**

The failure of the driver traveling along a servient highway to stop
before entering an intersection with a dominant highway in obedience to
signs of the State Highway Commission, is not negligence *per se* but is
evidence of negligence to be considered with other facts in the case in
determining the question of proximate cause. G. S., 20-158.

**3. Trial § 22a—**

Upon motion to nonsuit, the evidence tending to support plaintiffs' claim
must be construed most favorably to them and they are entitled to every
reasonable intendment upon the evidence and every reasonable inference
to be drawn therefrom.

**4. Negligence § 19c—**

Proximate cause is an inference of fact, to be drawn from other facts
and circumstances of the case, and it is only when but one inference can
be drawn from the facts in evidence that the court may determine the
question as a matter of law.

**5. Automobiles § 18h (3)—**

Plaintiffs' evidence tended to show that their intestates, operating a
truck along a servient highway, reduced speed from 30 to 20 miles per
hour but failed to stop in obedience to highway signs before entering an
intersection with a dominant highway, and that defendant's truck, travel-
ing along the dominant highway at a speed of 35 miles per hour, entered
the intersection without slackening speed or giving warning, and that the
vehicle in which intestates were riding had already entered the inter-
section when it was struck by defendant's vehicle. *Held:* The granting
of defendant's motion to nonsuit cannot be sustained on the theory of con-
tributory negligence, since the question of proximate cause is one for the
jury upon the evidence.

APPEAL by plaintiffs from *Bobbitt, J.,* at September Term, 1947, of ROCKINGHAM. Reversed.

Separate actions by the administrator of the estate of Allen Nichols, deceased, and by the administratrix of the estate of Davis J. Hix, deceased, against the defendant J. M. Goldston for damages for wrongful death of their intestates, resulting from collision of motor trucks, were by consent consolidated for trial.

From the evidence offered it appeared that on the morning of 28 July, 1945, plaintiffs' intestates, Nichols and Hix, jointly operating a motor truck owned by J. B. Greer, were traveling west along highway #158 leading from Reidsville to Winston-Salem, and at the intersection of this highway with highway #220, leading from Greensboro to Madison, collided with the tractor and trailer unit of defendant Goldston which was at the time being driven north by defendant's driver Harry W. Odell. As result of the collision both plaintiffs' intestates Nichols and Hix were killed, and defendant's driver so seriously injured that he has lost all recollection of the collision and of happenings immediately before and after. Highway #158 had been designated by the State Highway and Public Works Commission as subordinate to #220, and there were appropriate signs along the side and marks on the surface of #158 notifying drivers of vehicles on that highway to stop before crossing the intersection.

According to plaintiffs' evidence the Goldston truck was being driven at a speed of 35 miles per hour and the driver, without slackening speed, sounding horn, or applying brakes, drove into the intersection at a time when the Greer truck had already entered the intersection, and then turned to the left just as the trucks came together. The Greer truck, in which plaintiffs' intestates were riding, as it approached the intersection slowed down from 30 to 20 miles per hour and had entered the intersection before the defendant's truck reached it. The defendant's evidence on the other hand tended to show the speed of the Greer truck as 35 miles per hour, and that it entered the intersection without slowing down, and that both trucks reached the intersection at approximately the same time.

At the close of all the evidence defendant's renewed motion for judgment of nonsuit was allowed, and from judgment dismissing the action, plaintiffs appealed.

*Trivette, Holshouser & Mitchell, Hayes & Hayes, and J. Hampton Price for plaintiffs, appellants.*

*Smith, Wharton & Jordan and H. L. Fagge for defendant, appellee.*

DEVIN, J. The plaintiffs' appeal presents the question of the propriety of the judgment of involuntary nonsuit. Considering the evidence

in the light most favorable for the plaintiffs, it appears that defendant's truck, a tractor and trailer unit, was being driven toward and into an intersection of two busy highways at a speed of 35 miles per hour, and that the driver without slackening speed or giving signal or warning, or applying brakes, drove into the intersection at a time when the truck in which plaintiffs' intestates were riding, coming from defendant's right, had already entered the intersection. The statute then in force placed speed restriction on motor vehicles with trailer attached at 30 miles per hour. G. S., 20-141 (b) 3; G. S., 20-141 (c). We think there was evidence of negligence on the part of the defendant. *Swinson v. Nance,* 219 N. C., 772, 15 S. E. (2d), 284.

However, it is urged that the ruling of the court below should be upheld on the ground that contributory negligence on the part of plaintiffs' intestates conclusively appears from the evidence, for the reason, chiefly, that they failed to heed the highway signs warning drivers of motor vehicles approaching the intersection from the east to stop before attempting to cross, as required by G. S., 20-158. This statute, while imposing the duty on motorists to heed highway traffic signs, adds this pertinent proviso: "No failure to stop, however, shall be considered contributory negligence *per se* in any action at law for injury to person or property, but the facts relating to such failure to stop may be considered with the other facts in the case in determining whether the plaintiff in such action was guilty of contributory negligence."

This provision has been considered in several recent decisions, notably, *Hill v. Lopez, ante,* 433, 45 S. E. (2d), 539; *Swinson v. Nance,* 219 N. C., 772, 15 S. E. (2d), 284; *Pearson v. Stores Corp.,* 219 N. C., 717, 14 S. E. (2d), 811; *Groome v. Davis,* 215 N. C., 510, 2 S. E. (2d), 771; *Sebastian v. Motor Lines,* 213 N. C., 770, 197 S. E., 539; *Kennedy v. Smith,* 226 N. C., 514, 39 S. E. (2d), 380.

In view of the language of the statute and the decisions of this Court in cases involving collisions between motor vehicles at highway intersections, it seems well settled that a party may not be precluded solely by reason of his failure to stop as enjoined by a traffic sign. His failure to do so is evidence of negligence, but the question of proximate cause remains to be answered before the rights of the parties can be determined.

Was the evidence in this case such as to warrant the trial judge in holding as a matter of law that the negligence of plaintiffs' intestates was the proximate cause of their injury and death, and, upon this view, sustaining the motions to nonsuit?

In considering the question of nonsuit, under the rule, the evidence tending to support plaintiffs' claims must be construed most favorably for them, and they are "entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn

therefrom." *Nash v. Royster,* 189 N. C., 408, 127 S. E., 356. The question of proximate cause is ordinarily one for the jury. It is only when but one inference can be drawn from the facts in evidence that the court may declare that an act or omission is the proximate cause of an injury. *Lineberry v. R. R.,* 187 N. C., 786 (793), 123 S. E., 1. In the language of *Justice Barnhill* in *Conley v. Pearce-Young-Angel Co.,* 224 N. C., 211, 29 S. E. (2d), 740, "Proximate cause is an inference of fact, to be drawn from other facts and circumstances. . . . It is only when the facts are all admitted and only one inference may be drawn from them that the court will declare whether an act was the proximate cause of an injury or not. But this is rarely the case. Hence, what is the proximate cause of an injury is ordinarily a question for the jury. . . . It is to be determined as a fact in view of the circumstances of fact attending it." Numerous decisions are cited by *Justice Barnhill* in substantiation of this rule. That the act in question is in violation of a statute does not take it out of the rule. *Conley v. Pearce-Young-Angel Co., supra.*

In *Reeves v. Staley,* 220 N. C., 573, 18 S. E. (2d), 239, cited by appellee, the collision occurred at a junction of highways. The automobile in which the plaintiff's intestate in that case was riding was driven from a subordinate road into the dominant highway at an undiminished speed of 35 to 40 miles per hour and· in front of an oncoming truck. There it was said in the opinion of the Court written by *Justice Winborne* that the failure of the driver to stop was ."evidence of negligence to be considered with other facts in the case in determining whether he was guilty of negligence. When so considered the evidence of his conduct makes him guilty of negligence as a matter of law." The circumstances of that case indicated such a failure on the part of the driver to exercise due care as to be regarded by the Court as conclusive on the question of proximate cause.

Here the plaintiffs' evidence tended to show that their intestates reduced the speed of their vehicle from 30 to 20 miles per hour, and had already entered the intersection before the defendant's truck reached it. While the defendant's evidence tended in some respects to contradict that of the plaintiffs, this, under the rule, does not help the defendant on his motion for nonsuit.

For the reasons stated we are of opinion, and so hold, that on the evidence presented the plaintiffs were entitled to have their case submitted to the jury under appropriate instructions, and that the judgment of nonsuit must be

Reversed.