O. F. BOLES v. C. LEE HEGLER AND JAMES HEGLER, TRADING AS THOMASVILLE TRANSIT COMPANY, AND JOHNNY MONROE GARDNER.

(Filed 9 June, 1950.)

1. Automobiles § 18h (3)—

Evidence disclosing that plaintiff's automobile was parked on a bridge 40 feet wide, leaving a space of 30 feet for the passage of traffic, that the driver of defendants' bus was blinded by the lights of an approaching car and hit the rear of plaintiff's car, and that the bridge constituted part of a city street and the parking of cars on the bridge was customary, is held not to warrant nonsuit on the ground of contributory negligence, since even though the parking of the car on the bridge was negligence per se, G.S. 20-161, whether such negligence under the circumstances was a proximate cause of the injury is a question for the jury.

**2. Negligence § 19c—**

Nonsuit on the ground of contributory negligence may be properly entered only when the evidence tends to show as the sole reasonable conclusion that can be drawn therefrom that plaintiff was guilty of contributory negligence and that such contributory negligence contributed to the injury as a proximate cause thereof.

APPEAL by defendants from *Crisp, Special Judge,* March Term, 1950, of FORSYTH. No error.

This was an action to recover damages for injury to plaintiff's automobile, alleged to have been caused by the negligent operation of defendants' bus. Issues of negligence, contributory negligence and damage were answered by the jury in favor of plaintiff, and from judgment on the verdict defendants appealed.

*Elledge & Browder for plaintiff, appellee.*

*Craige & Craige for defendants, appellants.*

DEVIN, J. The only error assigned by defendants was the denial of their motion for judgment of nonsuit. It was not controverted that there was evidence of negligence on the part of the defendants, but it was contended the evidence conclusively established the contributory negligence of the plaintiff, entitling defendants to the allowance of their motion on this ground.

The rule is well settled that in order to sustain a nonsuit on this ground the evidence tending to show contributory negligence must be so clear that no other conclusion reasonably can be drawn therefrom. *Maddox v. Brown, ante,* 244; *Carruthers v. R. R., ante,* 183; *Samuels v. Bowers, ante,* 149; *Cole v. Koonce,* 214 N.C. 188, 198 S.E. 637:

The material facts were these: As a part of Waughtown Street in Winston-Salem is a bridge over the tracks of the Southbound Railway. The bridge from east to west is 148 feet long and 40 feet wide from curb to curb, as wide or wider than the paved street on either side, and slightly higher. On the evening of 29 October, 1948, plaintiff's son, who was employed in the vicinity, left plaintiff's automobile parked on the north side of the bridge next to the curb, 10 or 11 feet from the west end of the bridge. Other cars were then parked on this side of the roadway on the bridge as seems to have been the custom. It was not clear whether at that time there were "no parking" road signs at eastern end of the bridge. At 10:15 p.m. defendants' bus approached the bridge traveling west at the rate of 20 to 25 miles per hour and struck the rear of plaintiff's automobile causing substantial damage. Defendant Gardner, who was driving the bus, testified that when he was about halfway across the bridge he was blinded by the lights of an automobile approaching the bridge

from a side street west, and slowed down to 15 or 20 miles per hour. At a speed of 20 to 25 miles per hour he could have stopped the bus in 30 feet. Defendants' driver further testified as he approached there was then only plaintiff's automobile parked on the bridge, and that he saw it just before he was blinded by the lights of the car approaching from the west. He estimated he was 40 feet from plaintiff's automobile when he first saw it, and later reduced his estimate to 25 or 30 feet, but it would seem if he was halfway across the bridge and the plaintiff's automobile was parked 10 or 11 feet from the west end of the bridge, he must have been 50 feet or more away when he became aware of the presence and location of plaintiff's automobile.

Furthermore, as the bridge was 40 feet wide from curb to curb, and plaintiff's automobile was parked against the curb on the north, this would have left a clear space of 30 feet for the passage of other vehicles. The car approaching from the side street west was 10 or 15 feet from the bridge when its lights blinded defendants' driver.

The parking of plaintiff's automobile on a highway bridge was prohibited by G.S. 20-161, and the general rule is that the violation of a statute enacted in the interest of safety constitutes negligence *per se,* but it is equally well settled that before negligence or contributory negligence can be established as determinative of the action, causal connection between the result and the disregard of the statutory mandate must be made to appear. *Holland v. Strader,* 216 N.C. 436, 5 S.E. 2d 311.

So that, the question after all was one of proximate cause. *Lee v. Upholstery Co.,* 227 N.C. 88, 40 S.E. 2d 688; *Wood v. Telephone Co.,* 228 N.C. 605, 46 S.E. 2d 717; *McIntyre v. Elevator Co.,* 230 N.C. 539 (544), 53 S.E. 2d 528. Was the parking of plaintiff's automobile on the bridge under the circumstances here disclosed a proximate cause of the injury sustained, or was it "merely a circumstance of the accident and not its proximate cause?" The answer to this question was properly left for the determination of the jury. *Powers v. Sternberg,* 213 N.C. 41, 195 S.E. 88; *Allen v. Bottling Co.,* 223 N.C. 118, 25 S.E. 2d 388; *Atkins v. Transportation Co.,* 224 N.C. 688, 32 S.E. 2d 209; *Cummins v. Fruit Co.,* 225 N.C. 625, 36 S.E. 2d 11; *Barlow v. Bus Lines,* 229 N.C. 382, 49 S.E. 2d 793; *Bus Co. v. Products Co.,* 229 N.C. 352, 49 S.E. 2d 623.

The question of contributory negligence is usually one for the jury. It is only when but one inference may be drawn from the facts in evidence that the court will declare that an act was or was not the cause of the injury complained of or per force constituted contributory negligence. "What is the proximate cause of an injury is ordinarily a question for the jury. It is to be determined as a fact in view of the circumstances of fact attending it." *Conley v. Pearce-Young-Angel Co.,* 224 N.C. 211, 29 S.E. 2d 740; *Nichols v. Goldston,* 228 N.C. 514, 46 S.E. 2d 320;

*Thomas v. Motor Lines,* 230 N.C. 122 (131), 52 S.E. 2d 377; *Maddox v. Brown, ante,* 244.

We conclude there was no error in denying defendants' motion for judgment of nonsuit.

In the trial we find

No error.