BARNEY D. JOHNSON v. MRS. VICTOR E. BELL.

(Filed 21 November, 1951.)

**1. Automobiles § 8i—**

It is unlawful for a motorist to fail to stop in obedience to a highway sign before entering upon an intersection with a through street, and while such failure does not constitute negligence or contributory negligence *per se,* it is evidence to be considered with other evidence in the case upon the issue of negligence or contributory negligence, as the case may be. G.S. 20-158 (a).

**2. Automobiles § 18h (2)—**

Whether defendant was guilty of negligence in failing to bring her vehicle to a stop in obedience to a highway sign before entering an intersection with a through street *held* for the jury upon the evidence in this action to recover for a collision at the intersection occurring between plaintiff's car, driven along the through street, and defendant's vehicle.

**3. Highways § 6: Municipal Corporations § 25b—**

Allegation and evidence to the effect that there was a sign erected along a street requiring a motorist to stop before entering upon an intersection with another street is sufficient to raise the inference that such sign was erected pursuant to competent authority notwithstanding the absence of allegation that it was so erected.

**4. Automobiles § 8i—**

The operator of an automobile along a through street who has knowledge that signs had been erected along the intersecting street requiring motorists thereon to stop before entering the intersection, is entitled to assume, and to act upon the assumption, even to the last moment, that the operator of a vehicle on the servient street will stop in obedience to the sign before entering the intersection.

**5. Automobiles § 18h (3)—**

Whether plaintiff, driving his car along a through street at a reasonable and prudent speed, acted as a reasonable and prudent person would have acted under similar circumstances in attempting to traverse the intersection without slackening speed notwithstanding that he saw a vehicle approaching from his left toward the intersection along the servient street, *held* a question for the jury under the evidence in this case.

APPEAL by defendant from *Bone, J.,* at April Civil Term, 1951, of WAKE.

Civil action to recover for property damage in an automobile collision allegedly resulting from actionable negligence of defendant.

These facts appear to be uncontroverted: On 17 July, 1950, about the hour of 11:45 a.m., a collision occurred at the intersection of Clark Avenue and Woodburn Road in the city of Raleigh, N. C., between plaintiff's automobile, a sedan, operated by him, traveling in an easterly direction along and upon Clark Avenue, and the automobile of defendant's husband, a sedan, operated by her in a southerly direction along and upon Woodburn Road.

Clark Avenue runs from west to east and Woodburn Road from north to south. The intersection between the two is east of the intersection of Clark Avenue and Oberlin Road, at which there is a stop light. At the time of the collision there was no obstruction on the northwest corner of the intersection of Clark Avenue and Woodburn Road to prevent a person traveling in an automobile east along Clark Avenue toward this intersection seeing an automobile moving south along Woodburn Road, or to

prevent a person traveling in an automobile south along Woodburn Road toward the intersection seeing an automobile moving east along Clark Avenue toward the intersection.

Plaintiff alleges in his complaint, briefly stated, that as he approached the intersection of Clark Avenue and Woodburn Road, he was operating his automobile in a careful, lawful and prudent manner upon his proper side of the street; that, at this intersection, Woodburn Road is designated as a "Stop street with a sign erected"; that the collision between his, plaintiff's, automobile, and that operated by defendant was proximately caused by the negligence of defendant in that, as she approached the intersection she was driving the automobile, operated by her, recklessly and at a high, dangerous, and unlawful rate of speed, and, without looking to her right, failed to stop at the stop sign erected at said intersection, and to yield the right of way to plaintiff who was operating his automobile on a through street, and, without keeping proper lookout, and without giving any signal, drove into the intersection, all in violation of the laws of the State of North Carolina, and ordinances of the city of Raleigh, N. C., and that as sole proximate cause of negligence of defendant his automobile was damaged to his injury in specified sum,— for which he prays judgment.

On the other hand, defendant, in answer filed, admits that she did not come to a complete stop at the intersection, but denies in material aspect all other allegations set forth in the complaint. And, as a further answer and defense to plaintiff's alleged cause of action, defendant avers: That at the time of the collision the automobile driven by her was being operated in a careful and prudent manner, and whatever damage plaintiff may have suffered was not the result of any negligence on her part. But that if it should appear that plaintiff's automobile was damaged as alleged in the complaint, such damage was the direct and proximate result of plaintiff's own negligent and careless manner of driving his automobile over, along and upon Clark Avenue, in that: (a) He failed to have same equipped with proper brakes, or failed to properly use the brakes and failed to keep a proper lookout; (b) he was operating his automobile at a high, reckless and dangerous rate of speed, which was improper under the conditions then and there existing; (c) he failed and neglected to yield the right of way to defendant, who, "long before the approach of the automobile of plaintiff, entered the intersection"; (d) he was operating his automobile recklessly; and (e) he failed to turn same to the side, by which he could have avoided the collision,—all of which is pleaded in bar of any recovery by plaintiff in this action.

Upon trial in Superior Court, plaintiff, as witness for himself, testified in pertinent part: ". . . As I approached Woodburn Road, about 75 feet before I got to the intersection, I saw Mrs. Bell's car coming . . . about

the same distance . . . I would say she was going around 25 miles per hour when I first saw her . . . I knew . . . Woodburn was a stop street. After I traveled a short distance further, I saw she wasn't going to stop. I was positive she would stop. . . . I could not tell that she slowed down at all. Woodburn Road is 30 feet wide. I was around 10 feet from the southwest curb line of Clark Avenue at the time the accident occurred. That stop sign is a large yellow one . . . I was 40 feet from the intersection when I first observed that she was not going to stop. I put on my brakes as quickly as possible. My wheels skidded . . . around 30 feet . . . before the impact. The center of my car struck the rear wheel and fender of hers . . . I did not hear any horn or signal . . . I had conversation with Mrs. Bell at the scene of the accident. She said she didn't see me until she got there . . ."

Then on cross-examination plaintiff continued: ". . . I . . . came to a stop at Clark and Oberlin and started off from there . . . down hill all the way . . . I didn't slow down much . . . When I saw she wasn't going to stop, I did . . ."

Then to the question, "And by that time you were within 40 feet of her?" plaintiff answered, "That's right," and continued, "When I got there just going into the intersection she had come over the center and when I hit her I had just stuck my car into Woodburn Road. She was about 5 or 10 feet in Clark Avenue—the nose of her car was about to the sidewalk of Clark Avenue. The sidewalk is right at the line of the drive. Her car hadn't gone up Woodburn, it was right close to it. The street isn't but 40 feet wide. She had gone 30 or 35 feet through the intersection . . . I was going down the right-hand side of Clark Avenue . . . around 10 feet from the curb . . . in the driving lane . . . I was on a through street . . ."

Defendant, reserving exception to the action of the court in overruling her motion for judgment as of nonsuit entered when plaintiff first rested his case, as a witness for herself, testified in pertinent part: ". . . When I approached the line of Clark Avenue I saw Mr. Johnson's car coming. It was the only car in sight. It was about half way up the block. At that time I was right at the corner of Clark Avenue. I just started on across. He was so far up the street I didn't see any reason not to . . . So I went on into the intersection. I had practically gotten across the whole intersection except for the back wheels and fender. The front of my car was practically out of Clark Avenue and he hit the right rear corner of my car and spun my car around. I did not come to a dead standstill at the time I approached the line of Clark Avenue. I slowed up enough to start up again without changing gears . . . it is a long block . . ."

Then on cross-examination defendant continued: ". . . To my right at the intersection . . . there was not a thing to obscure my vision. I didn't notice the stop sign there . . . I saw the stop sign a couple of days later when I went back over there . . . I should say Mr. Johnson was going rather fast if he skidded that many feet. He skidded, hit me, and kept on skidding. I don't know just how many miles an hour he was going . . . I evidently did not estimate his speed correctly. He was half a block up the street when I saw him. I don't know how many feet that is, but that is a right long block on Clark Avenue . . . I did not see I was going to get hit. I never did expect to get hit at all . . ."

Defendant renewed her motion for judgment as of nonsuit at close of all the evidence. Motion was overruled, and she excepted.

The case was submitted to the jury on three issues, (1) as to negligence of defendant; (2) as to contributory negligence of plaintiff; and (3) as to damages. The jury answered the first issue "Yes," the second "No," and the third "$600.00."

From judgment for plaintiff in accordance with the verdict, defendant appeals to Supreme Court and assigns error.

*Broughton, Teague & Johnson for plaintiff, appellee.*
*Clem B. Holding for defendant, appellant.*

WINBORNE, J. Did the trial court err in overruling motions of defendant, aptly made, for judgment as in case of nonsuit? In the light of the provisions of G.S. 20-158 applied to the allegations of the complaint, and the evidence offered by plaintiff which tends to show that Clark Avenue is a through or dominant street, and Woodburn Road is subservient thereto, it would seem that the case was one for the jury. See *Anderson v. Office Supplies, ante,* 142.

The statute, G.S. 20-158, prescribes that (a) The State Highway and Public Works Commission, with reference to State highways, and local authorities, with reference to highways under their jurisdiction, are authorized to designate main traveled or through highways by erecting at the entrance thereto from intersecting highways signs notifying drivers of vehicles to come to full stop before entering or crossing such designated highway, and that wherever any such signs have been so erected, it shall be unlawful for the driver of any vehicle to fail to stop in obedience thereto. And the same section of the statute declares that "No failure so to stop, however, shall be considered contributory negligence *per se* in any action at law for injury to person or property; but the facts relating to such failure to stop may be considered with the other facts in the case in determining whether the plaintiff in such action was guilty of contributory negligence." See *Sebastian v. Motor Lines,* 213 N.C. 770,

197 S.E. 539; *Reeves v. Staley,* 220 N.C. 573, 18 S.E. 2d 239; *Hill v. Lopez,* 228 N.C. 433, 45 S.E. 2d 539; *Nichols v. Goldston,* 228 N.C. 514, 46 S.E. 2d 320; *Lee v. Chemical Corp.,* 229 N.C. 447, 50 S.E. 2d 181.

In *Sebastian v. Motor Lines, supra,* regarding the statute, it is held "as a necessary corollary or as the rationale of the statute, that where the party charged is a defendant in any such action the failure so to stop is not to be considered negligence *per se,* but only evidence thereof to be considered with other facts in the case in determining whether the defendant in such action is guilty of negligence." In like manner and for the same reason, the principle may be extended to anyone who violates the statute. See *Reeves v. Staley, supra. Hill v. Lopez, supra.*

Applying these principles to the evidence in the case in hand, if Clark Avenue be a through street, and Woodburn Road a subservient street, with stop sign at its entrance into the intersection with Clark Avenue, it would have been unlawful for defendant to fail to stop, in obedience to the stop sign, before attempting to enter such intersection, and her failure so to do is evidence of negligence to be considered with other facts in the case in determining whether she was guilty of negligence. When so considered, the evidence shown on the record is of such character as to make a case for the jury.

True, there is no allegation that the stop sign was erected by the local officials, yet the allegations of the complaint are sufficient to admit of such inference, and the evidence tends to support the allegation. See *Anderson v. Office Supplies, ante,* 142.

Moreover, there is allegation, and evidence tending to show that plaintiff knew that Clark Avenue on which he was traveling was a through highway, and that there was a stop sign on Woodburn Road. If such be the case, plaintiff was under no duty to anticipate that defendant, in approaching the intersection—his automobile being in plain view,— would fail to stop as required by the statute, and in the absence of anything which gave or should give notice to the contrary, he was entitled to assume and to act on the assumption, even to the last moment, that defendant would not only exercise ordinary care for her own safety, but would act in obedience to the statute, and stop before entering the dominant street. The evidence points to the emergency caused by the failure of defendant to stop. *Reeves v. Staley, supra.*

Whether under such circumstances plaintiff acted as a reasonably prudent person would have acted under similar circumstances, is properly a jury question.

Hence in the judgment below we find

No error.