## PEARL B. PEEDEN v. ALEXANDER HARDY TAIT.

### (Filed 19 April, 1961.)

**1. Trial § 22—**

On motion to nonsuit, the evidence is to be viewed in the light most favorable to plaintiff, giving her the benefit of every reasonable inference to be drawn therefrom, and assuming to be true all the facts in evidence tending to support her cause of action.

**2. Automobiles § 41f— Evidence of negligence in hitting stalled car held for jury.**

Evidence tending to show that plaintiff, travelling north, in attempting to reverse her direction on a four-lane highway separated by a median, entered the cross-over at a slow speed, that her motor stalled causing her brakes to fail, that the car rolled onto the south bound lanes, that defendant's car, travelling south along the straight highway, was then some five hundred feet away with headlights burning, that it continued on and struck plaintiff's car, knocking it some ninety to one hundred feet, *is held* sufficient to be submitted to the jury on the question of whether defendant was negligent in travelling at excessive speed and in failing to keep a proper lookout.

**3. Automobiles § 17—**

Even though a motorist travelling along a dominant highway is not under duty to anticipate that another motorist will enter the highway from a cross-over or intersection without stopping and yielding the right-of-way, he is nevertheless under duty not to drive at a speed greater than that which is reasonable and prudent under the circumstances, to keep his vehicle under control, to keep a reasonably careful lookout, and to exercise ordinary care to avoid collision with persons or vehicles which he sees, or, in the exercise of due care should see, upon the highway.

**4. Automobiles § 41b—**

Whether a motorist, at a given time, was keeping a reasonably careful lookout to avoid danger, is ordinarily an issue of fact for the determination of the jury.

**5. Negligence § 26—**

Even though plaintiff's own evidence raises an inference of contributory negligence in certain aspects, nonsuit for contributory negligence may not be allowed unless contributory negligence is established by plaintiff's evidence as the sole reasonable conclusion that may be drawn therefrom.

APPEAL by plaintiff from *Hooks, S. J.,* at September-October 1960 Civil Term of WILSON.

Civil action for personal injuries and property damage as a result of a collision between plaintiff's and defendant's automobiles. The collision occurred on U.S. Highway 301 about fifteen miles south of Wilson, North Carolina, at 7:30 P.M., the night of October 26, 1959. At the point of impact the highway has dual lanes with two lanes

for northbound traffic, and two lanes for southbound traffic. A grass median separates the north and south lanes of traffic. The highway was straight and level at the point where the collision took place, but about 500 to 600 feet north there is a small hill.

The plaintiff was driving a 1954 Oldsmobile north. The defendant was driving south. The plaintiff desired to reverse her direction to return to a restaurant which was located on the southbound side of the highway. The plaintiff approached a "cross-over", this being one of several which are placed at intervals along the highway to permit traffic to cross from one lane to another. The plaintiff proceeded into the "cross-over", and as she started to drive onto the southbound lane the motor of her automobile stalled, causing the hydraulic brakes to fail. Being unable to stop her vehicle, it rolled to a stop in the southbound lane. The defendant's automobile then collided with the plaintiff's, demolishing both vehicles, and injuring both parties.

The cause came on for trial and at the end of the plaintiff's evidence the defendant moved for judgment of nonsuit, and renewed his motion at the end of all the evidence, which motion was allowed. Plaintiff's motion for judgment of nonsuit as to the defendant's counterclaim was overruled. Thereupon, the court submitted the case to the jury upon the defendant's counterclaim. The jury answered the issues in favor of the defendant, and judgment was entered awarding him $10,000 for personal injuries and $754.00 for property damage.

To the signing of the judgment the plaintiff objects and excepts, and appeals to the Supreme Court and assigns error.

*Finch, Narron, Holdford & Holdford for plaintiff appellant.*
*Battle, Winslow, Merrell, Scott & Wiley, Robert L. Spencer for defendant appellee.*

WINBORNE, C.J. Plaintiff first stresses for error the allowance of the defendant's motion of nonsuit at the close of all the evidence. In such case the evidence is to be viewed in the light most favorable to the plaintiff, giving to her the benefit of every reasonable inference to be drawn therefrom, and assuming to be true all the facts in evidence tending to support her cause of action. *Ervin v. Mills Co.,* 233 N.C. 415, 64 S.E. 2d 431; *Clontz v. Krimminger,* 253 N.C. 252, 116 S.E. 2d 804; *Mattingly v. RR,* 253 N.C. 746, 117 S.E. 2d 844.

In her complaint the plaintiff alleges in substance that the defendant was actionably negligent in that he (1) drove at an excessive rate of speed in violation of the speed statute (G.S. 20-141), (2) failed to maintain a proper lookout, and (3) did not have his car

under proper control. As tending to support the foregoing allegations the plaintiff testified as follows: "U.S. 301 is a four-lane highway at this point. There are two lanes for northbound traffic and two lanes for southbound traffic separated by a grass island in between. There are cross-overs so that you may get across from the northbound lane to the southbound lane. As we approached the cross-over we were going back to the Dixianna to have supper, and my 1954 Oldsmobile had power brakes and they would not hold if the motor was not running. So as I attempted to make my turn the motor stalled and I was driving very slow and I wasn't exactly on the southbound lane. I couldn't possibly have been for him to have hit me in the side, and the motor stalled and he was, I'll say, a good 500 feet from where I saw it, as I was attempting to cut across to go back South I saw the lights. I couldn't see the car. I just saw the lights and I knew I had plenty of time and would have had because I was driving very slow. I was giving a turn signal. I had my signal lights on for a left turn. My car stalled as I attempted to make the turn and it just rolled right on into the highway. I discovered my car stalled when I applied my brakes. I knew then the motor was off. I didn't do anything. I just stopped and this man hit me. I tried to get my car started. I tried twice and before I had time to crank it he had hit me, I'll say five or six seconds. * * * After the impact my car was knocked I'll say from 90 to 100 feet in the direction south * * * It is a straight highway. It is straight and level for several miles north and south from the point of the collision. I could see a car coming from the north for quite a distance. I would say this man was 500 feet from me as I attempted to make the turn. It is a straight highway but it was a small hill and as Mr. Tait started up, I saw the lights * * *."

This evidence when viewed in the light most favorable to the plaintiff is sufficient to justify, though not necessarily to impel, the inference of negligence on the part of the defendant. Hence, an issue arises for the determination of the jury. *Newman v. Coach Co.*, 205 N.C. 26, 169 S.E. 808; *Cooley v. Baker*, 231 N.C. 533, 58 S.E. 2d 115; *Jernigan v. Jernigan*, 236 N.C. 430, 72 S.E. 2d 912.

This testimony would support the inference that the plaintiff had determined that it was safe for her to make the turn and that the defendant was driving at an excessive speed or failed to keep a proper lookout in the direction of travel, thereby proximately causing the collision.

The rule in this State is that the operator of an automobile traveling upon a main or through highway and approaching a cross-over or intersection is under no duty to anticipate that the operator of an

automobile approaching such intersection will fail to stop or yield to traffic on the main or through highway and, in the absence of anything which gives or should give notice to the contrary, he will be entitled to assume and to act upon the assumption, even to the last minute, that the operator of the automobile on the intersecting highways or cross-over will stop before entering such highway. *Hawes v. Refining Co.*, 236 N.C. 643, 74 S.E. 2d 17; *Blalock v. Hart*, 239 N.C. 475, 80 S.E. 2d 373. However, the driver on a dominant highway does not have an absolute right of way in the sense that he is not bound to exercise care toward traffic approaching on an intersecting unfavored highway. "It is his duty, notwithstanding his favored position, to observe ordinary care, that is that degree of care which an ordinarily prudent person would exercise under similar circumstances. In the exercise of such duty it is incumbent upon him in approaching and traversing such an intersection (1) to drive at a speed no greater than is reasonable and prudent under the conditions then existing, (2) to keep his vehicle under control, (3) to keep a reasonably careful lookout, and (4) to take such action as an ordinarily prudent person would take in avoiding collision with persons or vehicles upon the highway when, in the exercise of due care, danger of such collision is discovered or should have been discovered. *Hawes v. Refining Co.*, 236 N.C. 643, 74 S.E. 2d 16; *Reeves v. Staley*, 220 N.C. 573, 18 S.E. 2d 239; *Johnson v. Bell*, 234 N.C. 522, 67 S.E. 2d 658." *Blalock v. Hart, supra.*

Whether or not a motorist, at a given time, was keeping a reasonably careful lookout to avoid danger is ordinarily an issue of fact, and hence the determination of such fact is for a jury. *Williams v. Express Lines*, 198 N.C. 193, 151 S.E. 197.

Moreover, it is true that plaintiff's evidence raises an inference of contributory negligence. In this connection, this Court in *Thomas v. Motor Lines*, 230 N.C. 122, 52 S.E. 2d 377, opinion by *Ervin, J.*, declared that there "the stopping of the engine and the resulting stalling of the tractor-trailer combination arose from a want of due care." But the rule is that the plaintiff can only be nonsuited on ground of contributory negligence when she proves herself out of court. The facts necessary to show such negligence must be established so clearly by plaintiff's own evidence that no other conclusion can be reasonably drawn therefrom. *Pruett v. Inman*, 252 N.C. 520, 114 S.E. 2d 360, and numerous cases there cited.

Therefore, the conclusion is that the trial court erred in sustaining defendant's motion of nonsuit.

For reasons stated the judgment rendered below should be reversed, and a new trial had.

New trial.