DAISY LEE JOHNSON v. WILLIAM T. BASS, III, A MINOR, APPEARING HERE-
IN BY HIS GUARDIAN AD LITEM ROBERT G. WEBB; WILLIAM T. BASS,
JR.; VERNON HUGHES CLIFTON, AND WALTER HARRY BURGESS
AND
MILDRED JOHNSON, A MINOR, APPEARING HEREIN BY HER NEXT FRIEND DAISY
LEE JOHNSON v. WILLIAM T. BASS, III, A MINOR, APPEARING HEREIN
BY HIS GUARDIAN AD LITEM ROBERT G. WEBB; WILLIAM T. BASS, JR.;
VERNON HUGHES CLIFTON, AND WALTER HARRY BURGESS.

(Filed 18 April, 1962.)

1. **Automobiles §§ 41g, 43— Evidence of concurring negligence causing
   collision at intersection of highway held for jury.**

   Plaintiffs were passengers in a truck and were injured when the truck,
   traveling along a servient street in an easterly direction, was involved in
   a collision at an intersection with a tractor-trailer traveling north on a
   six lane dominant highway. The evidence tended to show that the driver
   of the truck stopped before entering upon the intersection, then drove
   across the three southbound lanes of the dominant highway and across
   the three foot median separating the northbound and southbound lanes,
   and across the first of the three northbound lanes, and was struck by
   the tractor-trailer. The driver of the tractor-trailer testified that when
   he was about a block from the intersection he saw the truck, but, assum-
   ing that the truck would stop before crossing the northbound lanes, did
   not apply his brakes or slacken speed. The evidence further tended to
   show that the eastern or outside lane of the northbound lanes was free
   of traffic but that the driver of the tractor-trailer did not turn from the
   middle lane. *Held:* The evidence is sufficient to be submitted to the jury
   on the question of concurring negligence of the drivers of the vehicles, and
   motions of the driver of the tractor-trailer and his employer for nonsuit
   should have been denied.

2. **Automobiles § 17—**

   Failure of a motorist traveling along a servient street or highway to
   stop before entering an intersection with a dominant street or highway
   is not negligence or contributory negligence *per se* but is evidence of
   negligence to be considered with all other evidence in the case in de-
   termining whether such motorist is negligent or contributorily negligent
   G.S. 20-158(a), as amended.

3. **Same—**

   Where the three northbound lanes and the three southbound lanes on
   a six-lane highway are separated by a three-foot median, the crossing
   of such highway by another street or highway constitutes but a single
   intersection.

4. **Same—**

   The driver of a motor vehicle along a dominant street or highway is
   nevertheless under duty to exercise due care toward traffic approaching
   on an intersecting street or highway, and must not exceed a speed which
   is reasonable and prudent under the conditions, must keep his vehicle
   under control, keep a reasonably careful lookout, and take such action

as an ordinarily prudent person would take to avoid collision with persons or vehicles upon the highway when, in the exercise of due care, danger of such collision is discovered or should have been discovered.

**5. Appeal and Error § 38—**

Exceptions not brought forward and discussed in the brief are deemed abandoned. Rule of the Supreme Court No. 28.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by defendants Bass from *Copeland, Special Judge,* September-October Term 1961 of WILSON.

These civil actions were consolidated for trial.

Plaintiffs, in their respective complaints, seek to recover for injuries sustained in a motor vehicle collision resulting from the alleged negligence of William T. Bass, III, while driving a truck owned by defendant William T. Bass, Jr., which collided with another vehicle.

On motion of defendants William T. Bass, III, appearing herein by his guardian *ad litem* Robert G. Webb, and William T. Bass, Jr., Vernon Hughes Clifton and Walter Harry Burgess were made additional parties defendant in each of said actions pursuant to the provisions of G.S. 1-240. The defendants Bass answered the complaints of the plaintiffs and set up a cross-action in each case for contribution against the additional defendants.

Plaintiffs were passengers in the cab of the 1947 Chevrolet truck owned by defendant William T. Bass, Jr. and driven by his son, the defendant William T. Bass, III. The Bass truck was proceeding east on the main street in the town of Lucama, North Carolina, on 16 August 1960, and was in the process of crossing the six lanes of U. S. Highway No. 301 when it was in collision with a tractor-trailer unit owned by the additional defendant Clifton and driven by his agent defendant Burgess.

The evidence tends to show that the Bass truck stopped at a stop sign just west of the intersection of the main street in the town of Lucama and U. S. Highway No. 301; it then proceeded slowly across all three southbound lanes of said highway and the median strip and across the westernmost northbound lane of Highway 301. The driver of the tractor-trailer was proceeding in a northerly direction in the middle lane of the three northbound lanes. The median strip between the north and southbound lanes was approximately three feet wide.

Defendant Burgess testified for the plaintiffs as follows: "After I saw Mr. Bass' truck stop, I saw his truck start across the highway. He wasn't going very fast, just easing on across. * * * At the point of the impact, I was in the middle lane of the northbound traffic lanes. As to what I did when I saw him pull off from his stopped position, I

kept going, because I thought he was just pulling on across those lanes there and was waiting for me to get by. I don't know exactly how far I was in feet from the intersection when I saw him stop — probably about a block * * *."

On cross-examination, he further testified: "I never did apply my brakes before the collision. I did not apply my brakes until after the collision. From the time I saw the Bass boy stop at the Stop sign, up until the collision, I could see his truck all of the time. His truck eased on across the Southbound three lanes and across the median strip and across the inside lane of the northbound lane before there was any collision. I watched it make all of that movement.

"I slowed up when I came into Lucama. The speed limit before you come into Lucama is 50 miles an hour, and I was staying within the speed limit. As I came into Lucama, I slowed to about 40 miles an hour. From the time I slowed to about 40 miles an hour when I first entered Lucama, until the very moment of this collision, I don't think I slowed my vehicle any more until after the collision. * * *"

Defendants Bass offered testimony tending to show that the Bass truck stopped at the intersection of Lucama's main street and U. S. Highway No. 301; that the driver of the truck pulled across the southern lanes in low gear; that he approached the center lane of the three northern lanes when an occupant of the Bass truck who was standing in the back of the truck, hollered: "There's a truck." The Bass truck was stopped when it was hit. The evidence further tends to show that the approaching truck driven by defendant Burgess was traveling about 50 miles an hour. The easternmost lane of the three northern lanes was open, but the driver of the tractor-trailer did not leave the middle lane until after the collision.

At the close of the evidence the additional defendants moved for judgment as of nonsuit. The motion was allowed and the defendants Bass excepted. Defendants Bass also moved for judgment as of nonsuit at the close of the evidence and the motion was denied.

The issues submitted to the jury were answered in favor of the plaintiffs, and judgments were entered thereon. The defendants Bass appeal, assigning error.

*Finch, Narron, Holdford & Holdford for plaintiffs.*

*Ruark, Young, Moore & Henderson; Gardner, Connor & Lee for original defendants.*

*Lucas, Rand & Rose for additional defendants.*

DENNY, C.J.   The appellants assign as error the granting of the

motion for judgment as of nonsuit made by additional defendants Clifton and Burgess.

In our opinion, the evidence in this case, taken in the light most favorable to the original defendants, is sufficient to go to the jury on the question of the joint and concurrent negligence of the original and the additional defendants. *Blalock v. Hart,* 239 N.C. 475, 80 S.E. 2d 373, and cited cases. See also *Peeden v. Tait,* 254 N.C. 489, 119 S.E. 2d 450, and *King v. Powell,* 252 N.C. 506, 114 S.E. 2d 265.

This assignment of error is sustained and the judgment as of non-suit as to the additional defendants is reversed.

Appellants' assignment of error No. 29 is to the following portion of his Honor's charge to the jury with respect to the provisions of G.S. 20-158 (a) : "The State Highway Commission, with reference to State highways, and local authorities, with reference to highways under their jurisdiction, are hereby authorized to designate main traveled or through highways by erecting at the entrance thereto from inter-secting highways signs notifying drivers of vehicles to come to a full stop before entering or crossing such designated highway, and when-ever any such signs have been so erected it shall be unlawful for the driver of any vehicle to fail to stop in obedience thereto *and yield the right of way to vehicles operating on the designated main traveled or through highway and approaching said intersection.* * * * And the court instructs you that the violation of that statute is negligence per se, as the court has previously instructed you." (Emphasis added)

The court, however, did not read to the jury the remainder of the provisions of G.S. 20-158 (a) which reads as follows: "No failure so to stop, however, shall be considered contributory negligence per se in any action at law for injury to person or property; but the facts relating to such failure to stop may be considered with other facts in the case in determining whether the plaintiff in such action was guilty of contributory negligence."

The italicized portion of the above statute which was read to the jury was inserted therein by Chapter 913 of the 1955 North Carolina Session Laws.

The appellees contend that the statute as now written does not make a failure to stop at a stop sign negligence *per se,* but that a fail-ure to yield the right of way to vehicles operating on the main traveled or through highway and approaching said intersection is negligence *per se.*

Chapter 295 of the 1955 North Carolina Session Laws, now codi-fied as G.S. 20-158.1, provides as follows: "The State Highway and Public Works Commission, with reference to State highways, and cities and towns with reference to highways and streets under their juris-

diction, are authorized to designate main traveled or through highways and streets by erecting at the entrance thereto from intersecting highways or streets, signs notifying drivers of vehicles to yield the right of way to drivers of vehicles approaching the intersection on the main traveled or through highway. Notwithstanding any other provisions of this Chapter, except Section 20-156, whenever any such yield right of way signs have been so erected, it shall be unlawful for the driver of any vehicle to enter or cross such main traveled or through highway or street unless he shall first slow down and yield the right of way to any vehicle in movement on the main traveled or through highway or street which is approaching so as to arrive at the intersection at approximately the same time as the vehicle entering the main traveled or through highway or street. No failure to so yield the right of way shall be considered negligence or contributory negligence per se in any action at law for injury to person or property, but the facts relating to such failure to yield the right of way may be considered with the other facts in the case in determining whether either party in such action was guilty of negligence or contributory negligence. * * *"

In view of the statutory provisions set out herein and the decisions of this Court, we hold that the failure to stop at a stop sign and yield the right of way is not negligence *per se,* but it is evidence of negligence that may be considered with other facts in the case in determining whether a party thereto was guilty of negligence or contributory negligence. *Wooten v. Russell,* 255 N.C. 699, 122 S.E. 2d 603; *Jordan v. Blackwelder,* 250 N.C. 189, 108 S.E. 2d 429; *Primm v. King,* 249 N.C. 228, 106 S.E. 2d 223; *Johnson v. Bell,* 234 N.C. 522, 67 S.E. 2d 658; *Lee v. Chemical Corp.,* 229 N.C. 447, 50 S.E. 2d 181; *Nichols v. Goldston,* 228 N.C. 514, 46 S.E. 2d 320; *Hill v. Lopez,* 228 N.C. 433, 45 S.E. 2d 539; *Sebastian v. Motor Lines,* 213 N.C. 770, 197 S.E. 539.

It is well to note that the intersection involved in the instant case was a single intersection, the median strip or area between the north and southbound lanes being only 36 inches wide and not 30 feet wide as was the case in *Hudson v. Transit Co.,* 250 N.C. 435, 108 S.E. 2d 900, in which case we held there were two intersections. The defendant William T. Bass, III, the driver of the Chevrolet truck, entered the intersection when the driver of the tractor-trailer was approximately one block south of the intersection. Furthermore, according to the testimony of the driver of the tractor-trailer, the Bass truck was crossing the median strip about the time he approached the intersection. Therefore, there seems to be no dispute about the fact that the Bass truck entered the intersection first and crossed at least four of the six lanes and the median strip before the collision occurred.

Moreover, as stated in the case of *Blalock v. Hart, supra,* " * * * (T)he driver on a favored highway protected by a statutory stop sign * * * does not have the absolute right of way in the sense he is not bound to exercise care toward traffic approaching on an intersecting unfavored highway. It is his duty, notwithstanding his favored position, to observe ordinary care, that is, that degree of care which an ordinarily prudent person would exercise under similar cicumstances. In the exercise of such duty it is incumbent upon him in approaching and traversing such an intersection (1) to drive at a speed no greater than is reasonable and prudent under the conditions then existing, (2) to keep his motor vehicle under control, (3) to keep a reasonably careful lookout, and (4) to take such action as an ordinarily prudent person would take in avoiding collision with persons or vehicles upon the highway when, in the exercise of due care, danger of such collision is discovered or should have been discovered. * * *"

In our opinion, the defendants Bass are entitled to a new trial, and it is so ordered.

Since there must be a new trial for the reasons pointed out herein, it is not necessary to consider or discuss the remaining assignments of error.

The defendants Bass have not brought forward and discussed their assignment of error to the failure of the court below to sustain their motion for judgment as of nonsuit made at the close of all the evidence; hence, it will be deemed abandoned. Rule 28, Rules of Practice in the Supreme Court, 254 N.C. at page 810. Even so, we concur in the ruling of the court below on such motion.

New trial.

SHARP, J. took no part in the consideration or decision of this case.