BEELER E. CLIFTON v. DELMA TURNER.

(Filed 2 May 1962.)

**1. Appeal and Error § 51—**

Only the motion to nonsuit made at the close of all the evidence will be considered on appeal. G.S. 1-183.

**2. Automobiles § 17—**

The driver along a dominant highway is entitled to assume and act upon the assumption, even to the last moment, that the operator of a vehicle along a servient highway will stop in obedience to a duly erected stop sign before entering upon the intersection with the dominant highway.

**3. Same—**

The driver of a vehicle upon a servient highway is not required to stop at the stop sign duly erected on the servient highway, but is required to stop at a point before entering the intersection at which he may observe traffic on the dominant highway and determine when, in the exercise of due care, he may enter or cross the intersecting highway with reasonable safety. G.S. 20-158.

**4. Automobiles § 42g—**

Evidence that when plaintiff was some 100 to 200 feet from an intersection with a servient highway he saw defendant's vehicle moving after it had passed the stop sign on the servient highway, and that plaintiff did not slacken his speed and struck defendant's vehicle immediately after it had entered the intersection without stopping and had turned right, *is held* not to disclose contributory negligence as a matter of law, since plaintiff had the right to assume that defendant would stop his vehicle before entering the intersection notwithstanding defendant had passed the stop sign.

CLIFTON *v.* TURNER.

**5. Appeal and Error § 24—**

Ordinarily, an exception to an excerpt from the charge does not challenge the failure of the court to charge further on the same or another aspect of the case.

**6. Same—**

An exception to a portion of the charge embracing a number of propositions is insufficient if any of the propositions are correct.

**7. Same—**

An exception and assignment of error to the charge as a whole for that the court failed to declare and explain the law arising on the evidence in the case are ineffectual. The exception and assignment of error should point out the particular matters which appellant asserts were omitted.

**8. Automobiles § 14—**

The statutory provisions relating to passing another vehicle traveling in the same direction, G.S. 20-149, are inapplicable upon evidence which, in plaintiff's version, is to the effect that he collided with defendant's vehicle immediately after defendant had driven into an intersection with a dominant highway without stopping, and, in defendant's version, is to the effect that the accident did not occur at the intersection but beyond it after defendant had turned to his right, and that it was due to plaintiff's excessive speed and failure to maintain a proper lookout because of a coating of frost on plaintiff's windshield.

APPEAL by defendant from *Hall, J.,* January Term 1962 of JOHNS-TON.

Action and cross action growing out of a collision on N. C. Highway #50, about fourteen miles north of Benson, North Carolina, on February 16, 1960, about 7:00 a.m., between a 1954 Chevrolet Station Wagon, owned and operated by plaintiff, and a 1950 Ford automobile, owned and operated by defendant. Each owner-operator alleged he sustained personal injuries and property damages as a result of the collision and that the collision was proximately caused by the negligence of the other.

Highway #50 runs north-south. The Cleveland Road intersects Highway #50, extending east therefrom. A stop sign had been erected on the Cleveland Road, facing westbound traffic thereon, seventy-five or one hundred feet east of the intersection.

The weather was clear and cold, the temperature being about eighteen or twenty degrees. Plaintiff was driving north on Highway #50. Defendant, driving west on the Cleveland Road, approached and entered Highway #50 and turned north thereon.

Plaintiff, in support of his allegations, offered evidence tending to show he observed defendant's car on the Cleveland Road; that, when first observed by plaintiff, defendant had passed the stop sign and was

approaching said intersection; that plaintiff, when he first observed defendant's car, was one hundred or two hundred feet from the intersection; that defendant did not stop before entering Highway #50 but came out right in front of plaintiff; that defendant "had not straightened up on the highway" when the right front of plaintiff's station wagon struck the left rear of defendant's car; and that the two vehicles "stuck together" and traveled about one hundred yards before stopping on the right shoulder of the highway.

Defendant, in support of his allegations, offered evidence tending to show the collision occurred four hundred feet or more north of said intersection; that, upon reaching Highway #50, he stopped and looked both ways for traffic thereon; that he had clear vision to his left; that, when he drove onto Highway #50, he saw plaintiff "coming around the curve 3/4 of a mile away"; and that he "got in high gear" and "had gotten up to about 45 miles per hour" when plaintiff's station wagon struck the rear of his car.

The court submitted the issues raised by the pleadings, to wit: "1. Did the plaintiff suffer personal injuries and property damage as a result of the negligence of the defendant as alleged in the Complaint? Answer: Yes. 2. If so, did the plaintiff by his own negligence contribute to his own injury and damages? Answer: No. 3. What amount in damages is the plaintiff entitled to recover? (a) For Property damages? Answer: $500.00. (b) For Personal injury? Answer: $5,000.00. 4. Was the defendant injured and did he suffer property damage as a result of the negligence of the plaintiff as alleged in the Answer? Answer: _____ 5. What amount in damages is the defendant entitled to recover? (a) For property damages? Answer: _____ (b) For Personal injuries? Answer: _____" The jury answered issues 1, 2 and 3, as indicated, and did not reach issues 4 and 5.

Judgment, that plaintiff have and recover of defendant the sum of $5,500.00 and that the costs be taxed against defendant, was entered. Defendant excepted and appealed.

*J. R. Barefoot and C. P. Trader for plaintiff appellee.*
*Wood & Spence for defendant appellant.*

BOBBITT, J. Defendant's Assignments of Error Nos. 1 and 2 are based on his exceptions to the overruling of his motions for judgment of nonsuit. The only motion to be considered is that made by defendant at the conclusion of all the evidence. G.S. 1-183; *Spaugh v. Winston-Salem,* 249 N.C. 194, 105 S.E. 2d 610.

The evidence was in sharp conflict as to whether the plaintiff's station wagon struck defendant's Ford immediately after defendant

entered upon Highway #50 or after defendant had proceeded north thereon for a distance of four hundred feet or more. It would seem the jury resolved this critical phase of the controversy in favor of plaintiff.

Defendant contends, even if the collision occurred immediately after defendant entered upon Highway #50, plaintiff's testimony discloses his contributory negligence as a matter of law. In this connection, it is noted that defendant alleged, as a basis for his plea of contributory negligence (and also as a basis for his counterclaim), that plaintiff's negligence consisted, *inter alia,* in operating his station wagon at excessive speed and without keeping a proper lookout. Even so, when considered in context, these allegations, as well as defendant's allegations with reference to plaintiff's negligence in other respects, relate to a collision defendant alleged occurred four hundred feet or more north of the intersection.

Defendant bases his contention largely upon this portion of plaintiff's testimony, elicited on cross-examination, to wit: "When I first saw the Turner car, it was about 50 feet from the intersection. I was 100 to 200 feet away at the time. It had already passed the stop sign and was moving, and I don't know whether he stopped at the stop sign. It went right on out in front of me, and I saw it pulling out. When I first saw the Turner car I was 100 to 200 feet from it. I could then see the stop sign and saw he had already passed it, and I proceeded right on without slowing down. When I struck the Turner car we traveled Northwest toward Raleigh. When the cars stopped they were partly off the highway. I don't have any idea how fast the Turner car was going when I struck it. He was not going fast, he just passed right on out in front of me."

If, as plaintiff testified, defendant had passed the stop sign and was moving towards Highway #50 when plaintiff first saw him, this fact, standing alone, was insufficient to put plaintiff on notice defendant would fail to stop before entering Highway #50.

With reference to G.S. 20-158(a), the legal principles stated below are well established.

". . . the operator of an automobile, traveling upon a designated main traveled or through highway and approaching an intersecting highway, is under no duty to anticipate that the operator of an automobile approaching on such intersecting highway will fail to stop as required by the statute, and, in the absence of anything which gives or should give notice to the contrary, he will be entitled to assume and to act upon the assumption, even to the last moment, that the operator of the automobile on the intersecting highway will act in obedience to the statute, and stop before entering such designated high-

way." *Winborne, J.* (later *C.J.*), in *Hawes v. Refining Co.*, 236 N.C. 643, 650, 74 S.E. 2d 17; *King v. Powell*, 252 N.C. 506, 509, 114 S.E. 2d 265; *Peeden v. Tait*, 254 N.C. 489, 119 S.E. 2d 450; *Wooten v. Russell*, 255 N.C. 699, 122 S.E. 2d 603.

G.S. 20-158(a) did not require that defendant stop *where* the stop sign was located. It required that defendant, in obedience to the notice provided by the stop sign, bring his car to a full stop before entering Highway #50 and to yield the right of way to vehicles approaching the intersection on Highway #50. As stated by *Denny, J.* (now *C.J.*), in *Edwards v. Vaughn*, 238 N.C. 89, 93, 76 S.E. 2d 359: "The purpose to be served by placing a stop sign some distance from the intersection of a servient and dominant highway, is to give the motorist ample time to slow down and stop before entering the zone of danger. And when the driver of a motor vehicle stops at a stop sign on a servient highway and then proceeds into the intersection without keeping a lookout and ascertaining whether he can enter or cross the intersecting highway with reasonable safety, he ignores the intent and purpose of the statute, G.S. 20-158. It is the duty of the driver of a motor vehicle on such servient highway to stop at such time and place as the physical conditions may require in order for him to observe traffic conditions on the highways and to determine when, in the exercise of due care, he may enter or cross the intersecting highway with reasonable safety. In many places, stop signs due to the surrounding physical conditions are located at points from which the driver of a motor vehicle cannot get an unobscured vision of the intersecting highway for a sufficient distance to ascertain whether it can be entered or crossed with reasonable safety." It is noted that defendant testified: "You have to drive past the stop sign to see on Highway 50."

If it be conceded, as contended by defendant, that plaintiff, under the circumstances, was negligent in failing "to decrease speed when approaching and crossing an intersection," G.S. 20-141(c), whether such negligence was a proximate cause of the collision was for jury determination under appropriate instructions.

There was ample evidence to support a finding that negligence on the part of defendant proximately caused the collision; and defendant's contention that plaintiff's testimony discloses his contributory negligence as a matter of law is untenable. Hence, defendant's assignments of error, directed to the court's denial of his motions for judgment of nonsuit, are overruled.

Defendant's remaining assignments of error, except formal Assignment No. 7, are based on his exceptions to the court's charge. Assignments of Error Nos. 3, 4, 5 and 6 are based on exceptions taken to extended excerpts from the charge. Defendant fails to point out any

portion of these excerpts he considers erroneous. Rather, he asserts he was prejudiced because these excerpts did not include instructions defendant contends should have been given. "It is elemental that an exception to an excerpt from the charge ordinarily does not challenge the omission of the court to charge further on the same or another aspect of the case." *Peek v. Trust Co.*, 242 N.C. 1, 16, 86 S.E. 2d 745; *King v. Powell, supra.* It is also noted that "an exception to a portion of a charge embracing a number of propositions is insufficient if any of the propositions are correct." *Powell v. Daniel*, 236 N.C. 489, 493, 73 S.E. 2d 143, and cases cited.

Exception No. 8 is as follows: "The Defendant Appellant objects and excepts to the charge of the Court as a whole, for that the Court did not declare and explain the law arising on the evidence given in the case as it was required to do under the terms and provisions of G.S. 1-180, and particularly with reference to the Second Issue submitted to the jury." Assignment of Error No. 8, based on Exception No. 8, is as follows: "For that the Court erred in failing to charge the jury under the provisions of General Statutes 1-180 and to explain and declare the law arising on all the pleadings in the Complaint and in the Answer, and particularly, it failed to explain and declare the law arising upon the factual situation under General Statutes 20-149."

Exception No. 8 and Assignment of Error No. 8 are broadside, ineffectual and too general and indefinite to present any question of law for decision. *Baird v. Baird*, 223 N.C. 730, 733, 28 S.E. 2d 225; Strong, North Carolina Index, Appeal and Error § 24, Note 283.

Apparently, all of defendant's exceptions and assignments of error directed to the charge relate to a contention by defendant that the court did not, but should have instructed the jury as to the provisions of G.S. 20-149 as related to the contributory negligence issue. Apart from procedural defects, we are of opinion G.S. 20-149 was not applicable to the factual situation disclosed by the evidence. Under plaintiff's version of the collision, defendant's car came into Highway #50 directly in front of him and he could not, in the emergency thus created, turn to his left sufficiently to avoid striking defendant's car. Under defendant's version, plaintiff, on account of a coating of frost on his windshield or otherwise, failed to see defendant's car traveling in the northbound lane and simply crashed into the back of it. With reference to the second issue, the court instructed the jury, *inter alia*, (1) if plaintiff followed defendant's car more closely than was reasonable and prudent, in violation of G.S. 20-152(a), plaintiff would be guilty of negligence *per se*, and (2) that plaintiff would be guilty of negligence if, under the circumstances, he failed to exercise due care to avoid a collision with defendant's car.

Whether *the jury* erred in resolving the issues in favor of plaintiff is not for our determination. Suffice to say, defendant's assignments of error fail to disclose *the court* erred in the manner in which the trial was conducted.

No error.