P. H. BELL v. LILLIAN E. PRICE AND HUSBAND JOHN A. PRICE.

(Filed 23 September, 1964.)

**Appeal and Error § 24—**

An exception to the charge on the ground that the court failed to charge the applicable law as required by statute is ineffectual as a broadside exception.

APPEAL by defendants from *Bundy, J.,* May 4, 1964 Session of BEAUFORT.

Plaintiff brought this action to recover compensation for services rendered defendants, at their request, in a condemnation proceeding instituted by the Highway Commission against defendants. He alleges defendants agreed to pay fair and reasonable compensation for the services rendered; as a result of the services rendered, defendants obtained a judgment against the Highway Commission for $1,000.00.

Defendants denied they employed plaintiff to represent them in the condemnation proceeding, or that he rendered any services in that litigation. They allege they employed plaintiff to represent them in other litigation and, for the services there rendered, he has been fully compensated.

Appropriate issues were submitted to the jury. It found defendants had employed plaintiff, as he alleged, and fixed the reasonable and fair value of his services at $333.33. Judgment was entered on the verdict. Defendants, having excepted, appealed.

*Earl Whitted, Jr., for appellants.*
*Bailey & Bailey for plaintiff appellee.*

PER CURIAM. The only exception assigned as error reads: "The defendants further except and object to the CHARGE OF THE COURT for the reason that the Court failed and neglected to Charge the Jury as to the LAW OF THE CASE as would be applied to the case at bar as the Court was required to do as specifically set out in G.S. 1-180."

The exception does not indicate what legal question was presented and not covered in the charge. The pleadings and testimony show no complicated legal questions were presented. The rights of the parties were dependent on the answers which the jury should give to simple factual questions. The exception is broadside and, for that reason, insufficient. *Clifton v. Turner,* 257 N.C. 92, 125 S.E. 2d 339; *Darden v. Bone,* 254 N.C. 599, 119 S.E. 2d 634.

No error.