FRED PRESTON WILLIAMS, Plaintiff-Appellant v. JANAE MARIE DAVIS and
BENEDETTA STEVENSON DAVIS, Defendants-Appellees

No. COA02-865

(Filed 20 May 2003)

**Motor Vehicles— automobile accident—contributory negligence**

The trial court correctly determined that the plaintiff in an automobile accident case was contributorily negligent, and properly granted a directed verdict for defendant, where the evidence showed that plaintiff stopped at a stop sign and looked both ways but did not look at an exit ramp; defendant was traveling slightly faster than speed limit; defendant might not have had her headlights on, but there was sufficient light for plaintiff to see defendant approaching the intersection; and plaintiff pulled out in front of defendant when a reasonable person should have seen it was unsafe to enter the intersection.

Appeal by plaintiff from order dated 26 October 2001 by Judge Orlando F. Hudson, Jr. in Superior Court, Forsyth County. Heard in the Court of Appeals 27 March 2003.

*Herman L. Stephens, for plaintiff-appellant.*

*Frazier & Frazier, L.L.P., by Torin L. Fury, for defendants-appellees.*

McGEE, Judge.

Fred Preston Williams (plaintiff) filed a complaint in June 2000 alleging that Janae Marie Davis failed to operate the headlights on her vehicle while driving after sunset, failed to keep a reasonable lookout, failed to keep her vehicle under control, failed to reduce speed, and failed to exercise due care, which proximately resulted in a collision between the vehicle operated by plaintiff and the vehicle operated by Janae Davis and owned by Benedetta Stevenson Davis (defendants). Plaintiff alleged that, as a result of the collision, he sustained damages including personal injury, medical expenses, loss of earning capacity, and property damage.

Defendants filed an answer on 27 October 2000, alleging plaintiff was contributorily negligent in failing to keep a proper lookout, in failing to keep proper control of his vehicle, in failing to start, stop, or turn his vehicle from a direct line without first determining that such

movement could be made in safety, in violation of N.C. Gen. Stat. § 20-154, and in failing to decrease his speed in violation of N.C. Gen. Stat. § 20-141(m).

The trial court entered a final pretrial order, dated 15 October 2001, which included stipulations by the parties that: on 12 May 1997 around 9:31 p.m., Janae Marie Davis was operating a vehicle owned by Benedetta Stevenson Davis, in a southbound direction on University Parkway in Winston-Salem, North Carolina; plaintiff drove his vehicle onto University Parkway; and that the vehicles collided on southbound University Parkway.

At the 15 October 2001 trial, evidence was presented that plaintiff was attending a banquet for Avon representatives as a guest of his wife at the Holiday Inn off University Parkway in Winston-Salem on 12 May 1997. After the banquet, plaintiff drove away from the Holiday Inn and entered University Parkway from Mercantile Drive around 9:31 p.m. where his vehicle was struck by the vehicle operated by Janae Davis as she traveled south on University Parkway. Plaintiff testified that:

> I . . . came to a full stop, and I checked the traffic lights to my left and the traffic lights to my right [farther] down south on Parkway and they were both red; and there was no traffic in the space in between those two lights. So I proceeded to cross University Parkway south with the intention of turning left onto University Parkway north; and I was going to proceed north . . . .
>
> . . .
>
> First of all I came to the full stop at the exit from Mercantile Drive. I looked to my left and checked the traffic lights and looked for traffic, of course, and I did the same thing to the right; and after I determined that there was no traffic I pulled straight across and—
>
> . . .
>
> I was in the—almost—just about entering inside lane of Parkway south, when my wife said "look out," and there was this car about five or six feet from us and bingo I didn't have any reaction time really.
>
> . . .
>
> The other vehicle slammed into me broadside at the driver's side.

The front of the vehicle operated by Janae Davis collided with the driver's side of plaintiff's vehicle. Plaintiff testified that the impact was "pretty terrific." The impact caved in the driver's side of plaintiff's vehicle, trapping plaintiff in the driver's seat until he was cut out of the vehicle.

Plaintiff testified that he looked for oncoming traffic before entering the intersection, because "[o]therwise [he] would not have proceeded across." Plaintiff testified that he presumed that Janae Davis must have come off the exit ramp because, although he acknowledged he did not actually see Janae Davis come off the ramp, he did not see any vehicular traffic in the two through lanes when he entered the intersection. Martha Joyce (Ms. Joyce) testified she saw the collision from the front of the Holiday Inn, approximately two hundred to four hundred feet from the site of the collision. Ms. Joyce contradicted herself during her testimony. Ms. Joyce stated once that the vehicle operated by Janae Davis came off the exit ramp; but on re-cross Ms. Joyce stated that the vehicle was coming south in the through lanes of University Parkway and that she saw the vehicle when it was one intersection back from the intersection where the collision occurred.

Ms. Joyce testified that the headlights of the vehicle operated by Janae Davis were not burning and that the vehicle was going "a little more than 45" miles per hour, although she could not state a specific speed of the vehicle. Ms. Joyce testified it was not quite dark at the time of the collision and she could clearly see the vehicle operated by Janae Davis as it traveled down University Parkway. Ms. Joyce testified that there were numerous lights in the area where the collision occurred, including lights in the parking lot of the Nissan dealership located across from the Holiday Inn, lights in the Holiday Inn parking lot, and street lights on University Parkway. In response to questioning by defendants' attorney, Ms. Joyce agreed with his statements that the Nissan dealership was "lit up like a Christmas tree" and that there was "an awful lot of light out on that roadway" at the time of the collision. Plaintiff introduced a videotape of University Parkway, which both Ms. Joyce and plaintiff testified fairly and accurately depicted the collision scene at the time of the collision. Ms. Joyce testified that she had no difficulty in seeing the vehicle on the videotape. Plaintiff also testified that while the tape was playing, he was able to see all of the landmarks on the roadway, including an unlighted street sign, the median, two signs in the median, trees and leaves in trees that were approximately fifty

yards away, as well as a vehicle traveling in the same direction as the vehicle operated by Janae Davis on 12 May 1997.

Defendants moved for a directed verdict at the close of plaintiff's evidence at trial, stating:

> Your Honor I understand the plaintiff to have rested at the close of their evidence. At this time, I would like to make a motion for a directed verdict on the issue of plaintiff's contributory negligence.

Defendants' attorney summarized the testimony of plaintiff and Ms. Joyce and stated that:

> Based on that evidence we feel that Mr. Williams violated [N.C.G.S. §] 20-158(b)(1), where it states when a stop sign has been erected or installed at an intersection, it shall be unlawful for the driver of any vehicle to fail to stop in obedience thereto and yield the right of way to vehicles operating on a designated main-traveled or thru highway. That fits perfectly with the facts that have been described by Mr. Williams and Mrs. Joyce on the witness stand. As such we feel that Mr. Williams violated that statute and was negligent and the court should find him to be contributorily negligent as a matter of law. Thank you.

Defendants' attorney further stated that:

> It is our contention[] focusing solely on the conduct of Mr. Williams and based on the statute his obligation to stop and yield to oncoming traffic that he was negligent.

> Now as Your Honor knows and I don't have to say it for the record, you do not have to prove his negligence was the sole proximate cause of the accident. In this incident, all we have to prove is that it was a proximate cause of the accident. I believe the evidence amply demonstrates his failure to yield to an oncoming vehicle that is clearly visible is sufficient to find him contributorily negligent. Thank you.

The trial court granted defendants' motion for a directed verdict, stating:

> Well I have given it considerable thought. I'm going to allow the Defendant[s'] motion for Directed Verdict on the contributory negligence of the Plaintiff as argued by the defense counsel.

The trial court entered an order dated 26 October 2001 granting defendants' motion for a directed verdict. The trial court also dismissed plaintiff's complaint with prejudice. Plaintiff appeals from this order.

Plaintiff argues two assignments of error, claiming that the trial court's entry of the 26 October 2001 order granting defendants' motion for directed verdict was in error. Although inartfully worded, when viewed in conjunction with plaintiff's brief, the gist of these assignments are that (1) defendants were not entitled to judgment dismissing plaintiff's case as a matter of law and (2) that the evidence, viewed in a light most favorable to the plaintiff, does not establish that plaintiff was contributorily negligent. Plaintiff addressed both of these assignments of error in one argument in his brief and we, too, will address them together.

When ruling on a motion for a directed verdict, the trial court must consider " 'whether the evidence, when considered in a light most favorable to [the non-moving party], was sufficient for submission to the jury.' " *Smith v. Wal-Mart Stores*, 128 N.C. App. 282, 285, 495 S.E.2d 149, 151 (1998) (quoting *Kelly v. Harvester Co.*, 278 N.C. 153, 157, 179 S.E.2d 396, 397 (1971)). The non-moving party " 'must receive the benefit of every inference which may reasonably be drawn in his favor.' " *Hill v. Williams*, 144 N.C. App. 45, 54, 547 S.E.2d 472, 477, *disc. review denied*, 354 N.C. 217, 557 S.E.2d 531 (2001) (quoting *Hicks v. Food Lion, Inc.*, 94 N.C. App. 85, 88, 379 S.E.2d 677, 679 (1989)).

Where more than one conclusion can reasonably be drawn from the evidence, such a determination should be left for the jury. *Maness v. Construction Co.*, 10 N.C. App. 592, 598, 179 S.E.2d 816, 819, *cert. denied*, 278 N.C. 522, 180 S.E.2d 610 (1971). Although a directed verdict in a negligence case is "rarely proper," *Stallings v. Food Lion, Inc.*, 141 N.C. App. 135, 138, 539 S.E.2d 331, 333 (2000), a directed verdict is appropriate on the basis of contributory negligence in cases where "the evidence taken in the light most favorable to plaintiff establishes [his] negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom." *Rappaport v. Days Inn*, 296 N.C. 382, 384, 250 S.E.2d 245, 247 (1979) (citations omitted), *overruled in part on other grounds by Nelson v. Freeland*, 349 N.C. 615, 507 S.E.2d 882 (1998). "The negligence of the plaintiff . . . need not be the sole proximate cause of the injury; if such negligence contributes as *one* of the proximate causes of the injury, then it suffices to bar any recovery." *Industries, Inc. v. Tharpe*, 47 N.C. App. 754,

761, 268 S.E.2d 824, 829, *disc. review denied,* 301 N.C. 90, 273 S.E.2d 311 (1980) (citing *Holland v. Malpass,* 255 N.C. 395, 121 S.E.2d 576 (1961) and *Cook v. Winston-Salem,* 241 N.C. 422, 85 S.E.2d 696 (1955)).

" '[A] motion for a directed verdict *shall state the specific grounds therefor.*' " *Clary v. Board of Education,* 286 N.C. 525, 528, 212 S.E.2d 160, 162 (1975) (quoting N.C. Gen. Stat. § 1A-1, Rule 50(a)). Also, "an appellate court will not consider grounds other than those stated to the trial court in reviewing the trial court's ruling on the motion." *Leatherwood v. Ehlinger,* 151 N.C. App. 15, 18, 564 S.E.2d 883, 886 (2002) (citations omitted).

As shown above, defendants' stated grounds for the motion for directed verdict was that the evidence showed plaintiff was contributorily negligent as a matter of law. Specifically, defendants contended that plaintiff's actions violated the requirements of N.C.G.S. § 20-158(b)(1), in that the statute required plaintiff to stop and yield to oncoming traffic. The trial court granted defendants' motion based on contributory negligence as argued by defendants.

A violation of N.C.G.S. § 20-158(b)(1) is not negligence or contributory negligence *per se;* however, it "may be considered with the other facts in the case in determining whether a party was guilty of negligence or contributory negligence." N.C. Gen. Stat. § 20-158(d) (2001). Thus, a violation of N.C.G.S. § 20-158(b)(1) is "evidence of negligence; and when the proximate cause of injury, is sufficient to support a verdict . . . ." *Wooten v. Russell,* 255 N.C. 699, 701, 122 S.E.2d 603, 604 (1961) (citations omitted).

> The motorist who is required to stop and ascertain whether he can proceed safely is deemed to have seen what he would have been able to see had he looked. "[H]is liability to one injured in a collision with his vehicle is determined as it would have been had he looked, observed the prevailing conditions and continued to drive as he did."

*Industries, Inc.,* 47 N.C. App. at 761, 268 S.E.2d at 829 (quoting *Raper v. Byrum,* 265 N.C. 269, 274, 144 S.E.2d 38, 41 (1965)).

In *Raper,* our Supreme Court stated that:

> The plaintiff's evidence permits no other reasonable conclusion but that his intestate brought his automobile to a stop at a point where he had an unobstructed view of the defendants' auto-

mobile approaching on the dominant highway, and that he resumed his progress into the intersection at a very slow rate of speed when the defendants' automobile was so near to the intersection and moving at such a speed that in the exercise of reasonable prudence he should have seen that he could not cross in safety. His entry into the intersection in this manner and under these conditions was negligence and was one of the proximate causes of the collision and of his death, if not the sole proximate cause thereof.

*Raper*, 265 N.C. at 276, 144 S.E.2d at 43.

The cases plaintiff has cited in support of his argument that the trial court's grant of a directed verdict is contrary to the case law in this state, including *Wooten v. Russell*, 255 N.C. 699, 122 S.E.2d 603 (1961), *Primm v. King*, 249 N.C. 228, 106 S.E.2d 223 (1958), and *Hawes v. Refining Co.*, 236 N.C. 643, 74 S.E.2d 17 (1953), are all distinguishable from the present case. Each case cited by plaintiff involved situations where the parties presented conflicting evidence of the facts surrounding the collision. *See Wooten*, 255 N.C. at 703, 122 S.E.2d at 605; *Primm*, 249 N.C. at 232, 106 S.E.2d at 226; and *Hawes*, 236 N.C. at 648, 74 S.E.2d at 20. As is well established in this state, a motion for directed verdict should not be granted when there is a conflict in the evidence, because it is the job of the jury to resolve such conflicts. *Maness*, 10 N.C. App. at 598, 179 S.E.2d at 819.

In the present case, there is no conflict in the evidence to be resolved by the jury. The evidence taken in a light most favorable to plaintiff shows that: plaintiff stopped at the stop sign, looked left and then right down University Parkway; plaintiff failed to look at the exit ramp; Janae Davis was traveling slightly faster than the forty-five miles per hour speed limit on University Parkway; although Janae Davis might not have had her headlights burning, there was sufficient light for plaintiff to see the vehicle operated by Janae Davis approaching the intersection; and plaintiff pulled out onto University Parkway in front of the vehicle operated by Janae Davis when a reasonable person should have seen it was unsafe to enter the intersection. *See Raper*, 265 N.C. at 276, 144 S.E.2d at 43. The evidence was sufficient to support the trial court's conclusion that plaintiff was contributorily negligent as a matter of law. We therefore affirm the trial court's grant of a directed verdict for defendants. Plaintiff's assignments of error are overruled.

Affirmed.

Judges McCULLOUGH and LEVINSON concur.