BEVERLY A. KUMMER, Plaintiff v. ANTHONY LOWRY, JR., and ANTHONY LOWRY, Defendants

No. COA03-1079

(Filed 6 July 2004)

**Motor Vehicles— intersection accident—green light—duty to look—contributory negligence**

The trial court did not abuse its discretion by denying plaintiff's motion for a new trial after a jury found her to be contributorily negligent in an automobile accident at an intersection. Plaintiff had the green light and did not see defendant until the last minute, but admitted not looking to see if traffic was coming. A driver must maintain a reasonable and proper lookout even when she has a green light.

Appeal by plaintiff from order entered 16 May 2003 by Judge Nancy Black Norelli in Mecklenburg County District Court. Heard in the Court of Appeals 19 May 2004.

*Harris Ragan Patterson & Rodgers, by J. Neal Rodgers, for plaintiff-appellant.*

*Lovejoy & Bolster, P.A., by Jeffrey S. Bolster, for defendants-appellees.*

TYSON, Judge.

Beverly A. Kummer ("plaintiff") appeals from a judgment entered after a jury's verdict found Anthony Lowry, Jr., ("Lowry") and Anthony Lowry (collectively, "defendants") negligent, plaintiff contributorily negligent, and failed to award damages for injuries she sustained in a car accident with defendants. We affirm.

## I.  Background

On 20 June 2000, plaintiff was driving her automobile west on Carowinds Boulevard in Charlotte, North Carolina. As plaintiff's automobile entered the intersection of Carowinds Boulevard and Catawba Trace Drive, the traffic light at the intersection emitted green for plaintiff's lane of traffic. Lowry entered the intersection proceeding south on Catawba Trace Drive in violation of the red light in his lane of travel. Plaintiff's automobile "t-boned" Lowry's automobile. The front of plaintiff's automobile struck the left rear quarter panel of Lowry's automobile.

Plaintiff brought suit against defendants and alleged that Lowry was negligent in causing the accident as he: (1) failed to maintain and keep a reasonable and careful lookout; (2) failed to keep his vehicle under reasonable and proper control; (3) operated his vehicle upon a public road heedlessly and carelessly; and (4) entered an intersection at a time when the traffic light emitted red for traffic in the direction in which he was traveling.

Defendants answered, denied negligence, and alleged that plaintiff was contributorily negligent by: (1) failing to keep a proper lookout; (2) failing to reduce the speed of her vehicle to avoid a collision; and (3) acting carelessly and negligently.

Weather conditions on the day of the collision were clear and dry with no obstructions or impediments to plaintiff's view. Plaintiff presented evidence that showed the speed limit on Carowinds Boulevard was 55 miles-per-hour and that at the time of the accident she was traveling between 45 and 55 miles-per-hour. Plaintiff testified she did not see or notice Lowry's vehicle or any other vehicle coming from the direction of Catawba Trace Drive. Plaintiff observed a car to

KUMMER v. LOWRY

[165 N.C. App. 261 (2004)]

her right traveling in the same direction. As plaintiff entered the intersection, she focused on the road directly in front of her and did not look to her left or right. Plaintiff stated she did not see Lowry's vehicle until it was directly in front of her and did not have time to brake or take any other action to prevent the collision. Defendants did not put on any evidence.

Plaintiff moved for a directed verdict on the issue of contributory negligence, which the trial court denied. The jury found: (1) defendants to be negligent; (2) plaintiff's negligence contributed to her injuries; and (3) denied plaintiff recovery. Plaintiff's motion for judgment notwithstanding the verdict and new trial was denied. Plaintiff appeals solely from the order denying her motion for a new trial and does not appeal from the judgment filed 17 March 2003.

## II. Issues

The sole issue is whether the trial court erred in denying plaintiff's motion for a new trial because there was insufficient evidence to submit the issue of contributory negligence to the jury.

## III. Contributory Negligence

This Court applies an abuse of discretion standard of review when reviewing the denial of a motion for new trial. *Garrison v. Garrison*, 87 N.C. App. 591, 594, 361 S.E.2d 921, 923 (1987). A trial court's discretionary decision to deny or grant a new trial may be reversed on appeal "only when the record affirmatively demonstrates a manifest abuse of discretion." *Id.* This Court must determine whether the verdict represents an injustice and is against the greater weight of the evidence. *See In re Will of Buck*, 350 N.C. 621, 516 S.E.2d 858 (1999). Because "the trial court has directly observed the evidence as it was presented and the attendant circumstances, as well as the demeanor and characteristics of the witnesses," a trial court's ruling on a motion for new trial is given great deference. *Id.* at 628, 516 S.E.2d at 863.

In determining the sufficiency of the evidence to justify the submission of an issue of contributory negligence to the jury, the court "must consider the evidence in the light most favorable to the defendant and disregard that which is favorable to the plaintiff." *See Prevette v. Wilkes Gen. Hosp., Inc.*, 37 N.C. App. 425, 427, 246 S.E.2d 91, 92 (1978). " 'If different inferences may be drawn from the evidence on the issue of contributory negligence, some favorable to the plaintiff and others to the defendant, it is a case for the jury to deter-

mine.' " *Id.* (quoting *Bell v. Maxwell,* 246 N.C. 257, 261-62, 98 S.E.2d 33, 36 (1957)).

Plaintiff argues that because a green light was emitting for her direction of traffic, she had the right to assume that any motorist approaching an intersection would abide by all traffic signals and was not contributorily negligent. Our Supreme Court, however, has held that even though a driver possesses a green light, "the duty rests upon [the driver] to maintain a reasonable and proper lookout for other vehicles in or approaching the intersection." *Beatty v. Bowden,* 257 N.C. 736, 739, 127 S.E.2d 504, 506 (1962) (citing *Cox v. Freight Lines,* 236 N.C. 72, 72 S.E.2d 25 (1952)).

In *Bass v. Lee,* our Supreme Court elaborated on a motorist's duties:

> The duty of a driver at a street intersection to maintain a lookout and to exercise reasonable care under the circumstances is not relieved by the presence of electrically controlled traffic signals, which are intended to facilitate traffic and to render crossing less dangerous. He cannot go forward blindly even in reliance on traffic signals . . . . A green traffic light permits travel to proceed and one who has a favorable light is relieved of some of the care which otherwise is placed on drivers at intersections, since the danger under such circumstances is less than if there were no signals. However, a green or "go" light or signal is not an absolute guarantee of a right to cross the intersection solely in reliance thereon without the necessity of making any observation and without any regard to traffic conditions at, or other persons or vehicles within, the intersection. A green or "go" signal is not a command to go, but a qualified permission to proceed lawfully and carefully in the direction indicated. In other words, not withstanding a favorable light, the fundamental obligation of using due and reasonable care applies.

255 N.C. 73, 78-79, 120 S.E.2d 570, 573 (1961) (internal citations omitted).

In *Currin v. Williams,* a case with facts similar to those at bar, the plaintiff approached an intersection while her signal light was green. 248 N.C. 32, 35, 102 S.E.2d 455, 457 (1958). It was a fair and sunny day, with no impediments to plaintiff's line of sight while entering the intersection. *Id.* Plaintiff's car struck the side of defendant's car. *Id.* Plaintiff testified that she did not see defendant's car until

impact and that she did not look left or right while entering the intersection. *Id.* at 35, 102 S.E.2d at 457. Our Supreme Court held that the issue of contributory negligence was properly submitted to the jury based on this evidence.

This Court has also held that a motorist facing a green light while approaching an intersection has a duty to maintain a proper lookout. *See Love v. Singleton*, 145 N.C. App. 488, 492, 550 S.E.2d 549, 551 (2001); *Seaman v. McQueen*, 51 N.C. App. 500, 503-04, 277 S.E.2d 118, 120 (1981). "It is the duty of the driver of a motor vehicle not merely to look, but to keep an outlook in the direction of travel; and [the driver] is held to the duty to see what she ought to have seen." *Seaman*, 51 N.C. App. at 503-04, 277 S.E.2d at 120.

Here, the evidence shows that plaintiff admitted not looking left or right to see if any traffic was coming and stated, "it's not [her] responsibility." Further, the evidence shows that it was a clear and sunny day, the roads were dry, and there was good visibility to the left, right, and front of plaintiff's vehicle. There were no obstructions to plaintiff's view as she approached the intersection, and she testified she was familiar with the intersection.

Officer B.M. Hawk ("Officer Hawk"), the investigating officer of the accident, confirmed that the roadway was straight, with no hills or visual obstructions, and that there was good visibility in all directions. Officer Hawk also testified that the impact occurred in the second inside lane of Carowinds Boulevard and defendants' car had almost completely crossed this intersection when it was hit by plaintiff's car. Plaintiff agreed with Officer Hawk's description and location of the accident. Plaintiff was unable to provide a reason why she did not notice defendants' car until it was directly in front of her.

The evidence also showed that plaintiff did not apply her brakes or slow her vehicle's speed. Plaintiff testified that she did not recall hitting her brakes before impact or seeing any skid marks. Officer Hawk testified that his investigation revealed no evidence that plaintiff took any action to avoid the collision.

Sufficient evidence was presented regarding plaintiff's contributory negligence, which allowed the trial court to submit the issue of contributory negligence to the jury. The trial court did not abuse its discretion in denying plaintiff's motion for a new trial after the jury found her to be contributorily negligent and failed to award her damages. Plaintiff's assignment of error is overruled.

IV. Conclusion

Plaintiff failed to show that the trial court abused its discretion in denying her motion for a new trial after a jury found her to be contributorily negligent. The order of the trial court is affirmed.

Affirmed.

Judges McGEE and TIMMONS-GOODSON concur.