RAY ALLEN OAKES AND WENDY WARD OAKES, PLAINTIFFS v. MARGARET TALLEY WOOTEN AND STEVEN EDWARD WOOTEN, DEFENDANTS

No. COA04-1174

(Filed 4 October 2005)

**1. Motor Vehicles— intersection accident—contributory negligence—no evidence**

There was no evidence in an automobile accident case that plaintiff failed to keep a proper lookout and exercise reasonable care in entering an intersection pursuant to a green light, and the trial court did not err by not instructing the jury on contributory negligence or by granting a directed verdict of no contributory negligence.

---

OAKES v. WOOTEN

[173 N.C. App. 506 (2005)]

**2. Motor Vehicles— intersection accident—failing to stop at red light—peremptory instruction**

There was no error in giving a peremptory instruction on defendant's negligence in failing to stop at a red light where the evidence that defendant entered the intersection while the light was red was uncontested and the court also instructed the jury that it must find this negligence to be the proximate cause of plaintiff's injury.

**3. Damages and Remedies— auto accident—failure to mitigate damages—insufficient evidence**

The trial court did not err by not instructing the jury on mitigation of damages in an automobile accident case where defendants did not meet their burden of establishing that plaintiff failed to act reasonably in not seeking employment and by continuing chiropractic care.

**4. Damages and Remedies— failure to instruction on nominal—not prejudicial**

There was no prejudicial error in not instructing on nominal damages in an automobile accident case where the jury was properly instructed on actual damages and awarded plaintiff $119,000.

**5. Trials— lack of particular instruction—failure to request—no argument on prejudice**

There was no error in the trial court's failure to instruct the jury on circumstantial evidence where defendants did not request a special instruction and made no argument as to how they were prejudiced by the court's failure to offer the instruction.

**6. Appeal and Error— preservation of issues—no objection to instruction at trial**

Defendant's failure to object at trial did not preserve for appeal the question of whether the court correctly instructed on peculiar susceptibility.

**7. Discovery— denied admissions proven at trial—reasonable grounds to deny**

The trial court abused its discretion by ordering defendants to pay costs and attorney fees as a sanction pursuant to N.C.G.S. § 1A-1, Rule 37 for denying requests for admissions that were proven at trial. Defendants met their burden of proving that rea-

sonable grounds existed at the time to believe they might prevail on some matters and for not admitting other issues.

## 8. Costs— authorized and unauthorized

The trial court erred by taxing against defendants costs not authorized by N.C.G.S. § 7A-305 for medical reports, deposition costs, filing fees, travel costs, trial exhibits, color copies, and photocopies. However, there was statutory authority for awards for mediation fees, expert witness fees, and service of process fees.

## 9. Costs— expert witness fees—no abuse of discretion

The trial court did not abuse its discretion in an automobile accident case by taxing against defendants expert medical witness fees where both witnesses were subpoenaed to testify and provided testimony on plaintiff's condition.

Appeal by defendants from judgment entered 15 September 2003 and an order entered 23 January 2004 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals 13 April 2005.

*Wyatt Early Harris Wheeler, L.L.P., by Stanley F. Hammer, for plaintiff-appellees.*

*Gregory A. Wendling for defendant-appellants.*

HUNTER, Judge.

Margaret Talley Wooten ("Wooten") and Steven Edward Wooten ("Steven") (collectively "defendants") appeal from a judgment entered 15 September 2003 consistent with a jury verdict finding defendants negligent, and from an order entered 23 January 2004 awarding costs and attorneys' fees. For the reasons stated within, we reverse the trial court's award of attorneys' fees and costs to plaintiffs pursuant to Rule 37 and award of certain costs pursuant to N.C. Gen. Stat. § 6-20, and affirm as to all other issues.

The evidence presented tended to show that on 6 November 1999, Ray Allen Oakes ("Oakes") was descending the exit ramp from Interstate 85 ("I-85") to South Main Street in Graham, North Carolina. Oakes entered the intersection on a green light, attempting to turn north. Wooten, traveling south on South Main Street, failed to stop for the red light at the I-85/Main Street intersection and collided

**OAKES v. WOOTEN**

[173 N.C. App. 506 (2005)]

with Oakes's vehicle. Wooten stated that she had looked down and did not realize the light was red until shortly before she reached the intersection.

Oakes was injured in the collision and was taken to Alamance Regional Medical Center for treatment. He underwent various treatments for back injuries over the next year, culminating in surgery.

Oakes brought a negligence action against Wooten and her husband, the owner of the car, in January 2002. Oakes's wife, Wendy Oakes ("Wendy") (collectively "plaintiffs"), also joined as a plaintiff in an action for loss of consortium. The jury found defendants negligent and awarded Oakes $119,000.00 in damages, but did not award consortium damages to Wendy. Defendants' motion for a new trial was denied, and plaintiffs were awarded costs and attorneys' fees pursuant to N.C. Gen. Stat. §§ 7A-314, 6-20, and 1A-1, Rules 36 and 37(c). Defendants appeal.

I.

Defendants contend the trial court erred in failing to instruct the jury as to Oakes's contributory negligence, and in a related assignment of error, contend the trial court erred in granting a motion for directed verdict as to Oakes's contributory negligence and denying defendants' motion for judgment notwithstanding the verdict on the trial court's prior directed verdict. We disagree.

**[1]** We first address defendants' contentions as to the trial court's failure to instruct the jury as to contributory negligence. "In determining the sufficiency of the evidence to justify the submission of an issue of contributory negligence to the jury, the court 'must consider the evidence in the light most favorable to the defendant and disregard that which is favorable to the plaintiff.' " *Kummer v. Lowry*, 165 N.C. App. 261, 263, 598 S.E.2d 223, 225 (2004) (citation omitted). " ' "If different inferences may be drawn from the evidence on the issue of contributory negligence, some favorable to the plaintiff and others to the defendant, it is a case for the jury to determine." ' " *Id.* at 263-64, 598 S.E.2d at 225 (citations omitted).

Our Supreme Court has addressed the issue of a driver's duty when approaching a traffic signal.

> "The duty of a driver at a street intersection to maintain a lookout and to exercise reasonable care under the circumstances is not relieved by the presence of electrically controlled traffic signals,

which are intended to facilitate traffic and to render crossing less dangerous. He cannot go forward blindly even in reliance on traffic signals.["]

*Bass v. Lee*, 255 N.C. 73, 78-79, 120 S.E.2d 570, 573 (1961) (quoting *Hyder v. Battery Co., Inc.*, 242 N.C. 553, 557, 89 S.E.2d 124, 128 (1955)). "A green or 'go' signal is not a command to go, but a qualified permission to proceed lawfully and carefully in the direction indicated." *Bass*, 255 N.C. at 79, 120 S.E.2d at 573. In *Cicogna v. Holder*, 345 N.C. 488, 489, 480 S.E.2d 636, 637 (1997), the Supreme Court considered "the quantum of evidence necessary to submit contributory negligence to the jury when the plaintiff's vehicle is struck by another vehicle while the plaintiff is proceeding through an intersection pursuant to a green light." *Id. Cicogna* held that as no evidence was presented of anything that would have put the plaintiff on notice that the defendant would not obey the traffic light, contributory negligence should not have been submitted to the jury, as the plaintiff was not required to anticipate the defendant's negligence. *Id.* at 489-90, 480 S.E.2d at 637.

Here, Oakes's testimony showed that he had the green light when entering the intersection, that he surveyed the intersection before entering, and that he did not see defendant's car. Oakes's brother, Lynn Oakes ("Lynn"), a passenger in the vehicle, also testified that the light was green when Oakes entered the intersection. Lynn stated that he saw Wooten's vehicle on his blind side after they had entered the intersection, and began to call out a warning to "[w]atch out[,]" but was unable to complete the warning because Wooten had already struck Oakes. Wooten testified that she was driving at approximately twenty-five miles per hour, that her attention was drawn away from the road and that when she looked again at the light, it was red. Wooten further testified that prior to the collision, no part of her vehicle crossed the stop line, and that only the front end of her car crossed the stop line into the intersection when she came into contact with Oakes's vehicle.

When taken in the light most favorable to defendants, the evidence fails to show that anything would have put Oakes on notice that Wooten would not obey the traffic light in time to avoid the collision. As in *Cignoga*, Oakes testified that he surveyed the intersection and did not see Wooten. Wooten testified that she was not traveling at a high rate of speed and did not cross the stop line until Oakes had already turned in front of her. Lynn testified that he attempted to shout a warning but was unable to complete it before

the impact. Even when viewed in the light most favorable to defend-
ants, there is no evidence that Oakes failed to keep a proper lookout
and exercise reasonable care in entering the intersection. Therefore,
the trial court did not err in refusing the jury instructions.

We next address defendants' related contention that the trial
court erred in granting a directed verdict as to contributory negli-
gence. "The standard of review of directed verdict is whether the
evidence, taken in the light most favorable to the non-moving party,
is sufficient as a matter of law to be submitted to the jury." *Di Frega
v. Pugliese*, 164 N.C. App. 499, 505, 596 S.E.2d 456, 461 (2004). "The
test for determining whether a motion for a directed verdict is sup-
ported by the evidence is the same as that for ruling on a motion for
judgment notwithstanding the verdict." *Stilwell v. General Ry.
Servs., Inc.*, 167 N.C. App. 291, 294, 605 S.E.2d 500, 502 (2004). "Thus,
where a defendant pleads an affirmative defense such as contributory
negligence, 'a motion for directed verdict is properly granted against
the defendant where the defendant fails to present more than a
scintilla of evidence in support of each element of his defense.' "
*Whisnant v. Herrera*, 166 N.C. App. 719, 722, 603 S.E.2d 847, 850
(2004) (citation omitted).

"Our Supreme Court has previously stated that 'two elements, at
least, are necessary to constitute contributory negligence[.]' "
*Whisnant*, 166 N.C. App. at 722, 603 S.E.2d at 850 (quoting
*Construction Co. v. R.R.*, 184 N.C. 179, 180, 113 S.E. 672, 673 (1922)).
"The defendant must demonstrate: (1) a want of due care on the part
of the plaintiff; and (2) a proximate connection between the plaintiff's
negligence and the injury." *Id.* at 722, 603 S.E.2d at 850.

As discussed *supra*, even when viewed in the light most favorable
to defendant, the evidence fails to show a want of due care on the
part of plaintiff. *See Cicogna*, 345 N.C. at 489-90, 480 S.E.2d at 637.
Therefore, the trial court did not err in granting the directed verdict
finding no contributory negligence, or in denying defendants' motion
for judgment notwithstanding the verdict.

II.

[2] Defendants next contend the trial court erred in giving a peremp-
tory instruction to the jury as to Wooten's negligence in failing to stop
for the red light. We disagree.

In *Williams v. Davis*, 157 N.C. App. 696, 580 S.E.2d 85 (2003),
the defendants contended the plaintiff had violated N.C. Gen. Stat.

§ 20-158(b)(1), as the statute required the plaintiff to stop and yield to oncoming traffic, and therefore, was contributorily negligent. The trial court granted defendants' motion based on contributory negligence as argued by defendants. "A violation of N.C.G.S. § 20-158(b)(1) is not negligence or contributory negligence *per se*; however, it 'may be considered with the other facts in the case in determining whether a party was guilty of negligence or contributory negligence.' " *Williams v. Davis*, 157 N.C. App. at 701, 580 S.E.2d at 88-89 (quoting N.C. Gen. Stat. § 20-158(d) (2001)). "Thus, a violation of N.C.G.S. § 20-158(b)(1) is 'evidence of negligence; and when the proximate cause of injury, is sufficient to support a verdict[.]' " *Williams*, 157 N.C. App. at 701, 580 S.E.2d at 89 (citations omitted). "When all the evidence offered suffices, if true, to establish the controverted fact, the Court may give a peremptory instruction—that is, if the jury finds the facts to be as all the evidence tends to show, it will answer the inquiry in an indicated manner." *Dobson v. Honeycutt*, 78 N.C. App. 709, 712, 338 S.E.2d 605, 607 (1986).

Here, the evidence was uncontested that Wooten entered the intersection while the light was red. The trial court instructed the jury that:

> The Motor Vehicle Law provides that when a stoplight at an intersection is emitting a steady red light, that is, it's red, the operator of the vehicle facing the red light shall not enter the intersection. All the evidence is that Ms. Wooten did enter the intersection when the light was red, and if you find that she did enter the intersection when the light was red, as all the evidence shows, then it would be your duty to find that she was negligent.

The trial court then further instructed the jury that they must find that such negligence was the proximate cause of Oakes's injuries in order to find defendants liable. *See Lutz Industries, Inc. v. Dixie Home Stores*, 242 N.C. 332, 341, 88 S.E.2d 333, 339 (1955) (stating that to make out a case of actionable negligence, both a showing of statutory violation and the additional essential element of proximate cause are required). As the evidence here was undisputed as to Wooten's violation of the statute, the trial court did not err in giving a peremptory instruction to the jury as to Wooten's negligence in failing to stop for the red light when the trial court further instructed the jury that they must find such negligence was the proximate cause of plaintiff's injury.

**OAKES v. WOOTEN**

[173 N.C. App. 506 (2005)]

## III.

**[3]** Defendants next contend the trial court erred in denying a jury instruction on the issue of mitigation of damages. We disagree.

" ' "The rule in North Carolina is that an injured plaintiff, whether his case be tort or contract, must exercise reasonable care and diligence to avoid or lessen the consequences of the defendant's wrong. If he fails to do so, for any part of the loss incident to such failure, no recovery can be had." ' " *United Laboratories, Inc. v. Kuykendall,* 102 N.C. App. 484, 489, 403 S.E.2d 104, 108 (1991) (citations omitted). " 'This rule is known as the doctrine of avoidable consequences or the duty to minimize damages. Failure to minimize damages does not bar the remedy; it goes only to the amount of damages recoverable.' " *Radford v. Norris,* 63 N.C. App. 501, 502, 305 S.E.2d 64, 65 (1983) (citations omitted). "When a defendant submits a request for specific instructions which are correct and are supported by the evidence, the trial court commits reversible error in failing to submit the substance of those instructions to the jury." *Alston v. Monk,* 92 N.C. App. 59, 66, 373 S.E.2d 463, 468 (1988).

Here, the evidence does not support the requested instruction of mitigation of damages. Defendants contend that Oakes failed to mitigate damages in not seeking any type of employment while out recovering from his back injury and subsequent surgery. However, Oakes's physician testified that he did not want Oakes working while rehabilitating after the surgery. Therefore, defendants present no evidence that Oakes failed to mitigate damages by not seeking employment due to his doctor's instruction during his rehabilitation. Defendants further contend Oakes failed to mitigate damages by continuing chiropractic care, although it resulted in increased pain and potentially resulted in a need for surgery. However, evidence presented at trial showed only that Oakes continued in chiropractic care at his treating physician's instruction, and that the chiropractic care resulted in no physical change to Oakes's herniation. As defendants failed to meet their burden of proof that Oakes did not act reasonably in minimizing his loss, the trial court properly did not instruct the jury as to mitigation of damages.

## IV.

**[4]** Defendants next contend the trial court erred in denying a request for jury instructions on the issue of nominal damages. We disagree.

North Carolina Pattern Jury Instruction 106.00 states that if an issue has been decided in favor of plaintiff,

> the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of a technical injury to the plaintiff.

> The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, the amount of actual damages proximately caused by the negligence of the defendant.

N.C.P.I.—Civ. 106.00 (motor veh. vol. 2004) (footnote omitted).

" 'The burden is on the appellant not only to show error but to show that if the error had not occurred there is a reasonable probability that the result of the trial would have been favorable to him.' " *Gregory v. Lynch*, 271 N.C. 198, 203, 155 S.E.2d 488, 492 (1967) (citation omitted). Here, although the trial court did not instruct the jury as to nominal damages, it properly instructed the jury as to the burden of proof in awarding actual damages. The jury awarded damages to Oakes in the amount of $119,000.00. As the jury found by the greater weight of the evidence that Oakes suffered actual damages, defendants show no harm in the trial court's failure to instruct on nominal damages. Therefore, there was no prejudicial error in the trial court's failure to instruct.

V.

[5] Defendants next contend the trial court erred in denying a jury instruction on circumstantial evidence. We disagree.

"It is the duty of the trial court to charge the law applicable to the substantive features of the case arising on the evidence, without special requests[.]" *Faeber v. E. C. T. Corp.*, 16 N.C. App. 429, 430, 192 S.E.2d 1, 2 (1972). Here, the trial court noted that all the evidence in the case was from three eyewitnesses and that there was no circumstantial evidence. Defendants correctly cite authority that, "[w]hen a party appropriately tenders a written request for a special instruction which is correct in itself and supported by the evidence, the failure of the trial judge to give the instruction, at least in substance, constitutes reversible error." *Millis Construction Co. v. Fairfield Sapphire Valley*, 86 N.C. App. 506, 509-10, 358 S.E.2d 566, 568 (1987). Here,

however, defendants did not make a written request for a special instruction and further make no argument as to how the trial court's failure to offer an instruction as to circumstantial evidence prejudiced defendants. The assignment of error is without merit.

## VI.

**[6]** Defendants next contend the trial court erred in improperly charging the jury on peculiar susceptibility. As defendants failed to object to this instruction, this issue is not properly before the Court for review.

"A party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection[.]" N.C.R. App. P. 10(b)(2).

Defendants here failed to object to the trial court's instruction, which was substantially the same as the North Carolina Pattern Jury Instruction for Peculiar Susceptibility. This issue is therefore not properly preserved for appellate review.

## VII.

**[7]** In related assignments of error, defendants next contend the trial court erred in concluding that defendants have no reasonable grounds for denial of admissions, and abused its discretion in ordering defendants to pay plaintiffs' costs and attorneys' fees pursuant to N.C. Gen. Stat. § 1A-1, Rule 37 (2003). We agree.

The trial court sanctioned defendants because of their failure to admit under Rule 37(c), which provides:

If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (i) the request was held objectionable pursuant to Rule 36(a), or (ii) the admissions sought was of no substantial importance, or (iii) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (iv) there was other good reason for the failure to admit.

N.C. Gen. Stat. § 1A-1, Rule 37(c). The Official Commentary to this rule explains that this provision "emphasizes that the true test under Rule 37(c) is not whether a party prevailed at trial but whether he acted reasonably in believing that he might prevail." N.C. Gen. Stat. § 1A-1, Rule 37 official commentary. Rule 36 requires that an admission

> shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder.

N.C. Gen. Stat. § 1A-1, Rule 36(a) (2003).

"The choice of sanctions under Rule 37 is within the trial court's discretion and will not be overturned on appeal absent a showing of abuse of that discretion." *Brooks v. Giesey*, 106 N.C. App. 586, 592, 418 S.E.2d 236, 239 (1992). "Rule 37 allowing the trial court to impose sanctions is flexible, and a 'broad discretion must be given to the trial judge with regard to sanctions.'" *Telegraph Co. v. Griffin*, 39 N.C. App. 721, 727, 251 S.E.2d 885, 888 (1979) (citations omitted). "The party wishing to avoid court-imposed sanctions for non-compliance with discovery requests bears the burden of showing the non-compliance was justified." *Williams v. N.C. Dep't of Env't & Natural Res.*, 166 N.C. App. 86, 92, 601 S.E.2d 231, 235 (2004).

In *Williams*, this Court held that the trial court had abused its discretion in awarding attorney's fees and cost pursuant to N.C. Gen. Stat. § 1A-1, Rule 37(c), because the agency had reasonable grounds to believe they might prevail on the matters they were requested to admit. *Williams*, 166 N.C. App. at 93, 601 S.E.2d at 235-36. *Williams* held that in determining whether reasonable grounds existed, "[u]nder Rule 37(c), the court's inquiry must focus on what the [defendant] knew at the time they answered the request for admissions." *Id.* at 93, 601 S.E.2d at 235.

Here, in the Rule 37 Order, the trial judge listed a number of requests for admissions that defendants had denied and that plaintiffs had proven during the trial. These included Wooten's failure to admit her violation of N.C. Gen. Stat. § 20-158(b)(2), failure to keep a proper lookout, failure to use due care, and failure to maintain

proper control. The Order also listed Wooten's failure to admit full fault for the collision, lack of contributory negligence, that Wooten was acting as an agent for her husband, and that serious injury occurred to Oakes as a result of the accident. The Order finally listed Wooten's denial that she was the sole proximate cause of Oakes's herniated disc at L4-5 and neurological symptoms, the exact amount of Oakes's medical bills, and that Oakes had suffered a permanent diminution of wage-earning capacity. Following the list of denied admissions, the Order contained a detailed list of the expenses incurred in establishing the matters denied. The trial judge found no reasonable grounds for defendants to deny the matters set forth in the Request for Admissions and granted plaintiffs' motion for attorneys' fees and costs.

A review of the record shows that defendants made a number of qualified responses to plaintiffs' Requests for Admissions on 14 May 2002, prior to any discovery or depositions by either party, and before medical care providers and treating physicians were identified by plaintiffs in this matter. A review of the qualified responses in Wooten's Answer to Request for Admissions shows that Wooten admitted that she was the wife of Steven, and that she was driving a car registered to him with his permission. Wooten also stated in response to the request regarding the seriousness of Oakes's injury that Oakes had told her at the scene of the accident that he was not seriously hurt. Wooten denied the question regarding the specifics as to Oakes's medical conditions on the grounds that she had no medical training. Finally, Wooten stated:

> [A]s I approached the intersection and went under the bridge and last checked the light it was green and then I believe I looked down to my radio although I am not certain for a few seconds and when I looked back up near the intersection, the light had turned red. I applied my brakes as hard as possible and attempted to stop prior to reaching the crossing of the intersection although I was unable to stop completely and I slid somewhat out into the intersection and contact was made with Mr. Oakes' vehicle.

At the time the responses were made, when discovery had not yet begun, Wooten lacked knowledge to admit matters regarding Oakes's medical condition and contributory negligence. Wooten's qualified denial as to her actions in failing to stop for the light was consistent with the evidence presented at trial and the trial court's findings of proof as to defendant's negligence. As discussed *supra*, our statutes state that:

> No failure to stop as required by the provisions of [§ 20-158(d)] shall be considered negligence or contributory negligence per se in any action at law for injury to person or property, but the facts relating to such failure to stop may be considered with the other facts in the case in determining whether a party was guilty of negligence or contributory negligence.

N.C. Gen. Stat. § 20-158(d) (2003). As a violation of the statute is not negligence *per se*, defendant had reasonable grounds to believe she might prevail in the negligence actions, based on her qualified denials. Defendants, therefore, met their burden of proof in showing that at the time for request of admission, reasonable grounds existed to believe that they might prevail on some matters denied, and good reasons, i.e. defendants' lack of knowledge, existed for the failure to admit other issues at that time. Accordingly, we find the trial judge abused her discretion in awarding plaintiffs' attorneys' fees and costs pursuant to N.C. Gen. Stat. § 1A-1, Rule 37(c). We, therefore, do not address defendants' related assignment of error that the trial court erred in its findings as to expert witness testimony concerning causation in awarding Rule 37 damages.

## VIII.

**[8]** In their next assignment of error, defendants contend that the trial court committed reversible error in taxing certain costs against defendants pursuant to N.C. Gen. Stat. § 6-20 and 7A-305. We agree.

" ' "Where an appeal presents [a] question[] of statutory interpretation, full review is appropriate, and [we review] a trial court's conclusions of law . . . *de novo.*" ' " *Department of Transp. v. Charlotte Area Mfd. Housing, Inc.*, 160 N.C. App. 461, 464, 586 S.E.2d 780, 782 (2003) (citations omitted). "[C]osts may be allowed or not, in the discretion of the court, unless otherwise provided by law." N.C. Gen. Stat. § 6-20 (2003). In *City of Charlotte v. McNeely*, 281 N.C. 684, 190 S.E.2d 179 (1972), the North Carolina Supreme Court indicated that costs are " 'creatures of legislation, and without this they do not exist.' " *Id.* at 691, 190 S.E.2d at 185 (citations omitted). Additionally, enumerated costs and expenses unnecessarily incurred by the prevailing party will not be taxed against the losing party. *Id.*

In *Charlotte Area Mfd. Housing*, 160 N.C. App. at 469-70, 586 S.E.2d at 785, this Court held that costs, as used by the legislature in N.C. Gen. Stat. § 6-20, are limited to those items expressly enumerated in N.C. Gen. Stat. § 7A-305(d). *Id.* Additionally, this Court

## OAKES v. WOOTEN

[173 N.C. App. 506 (2005)]

held that " 'reasonable and necessary' " expenses previously permitted under the common law were no longer recognized. *Id.* at 470, 586 S.E.2d at 785. In *Handex of Carolinas v. County of Haywood*, 168 N.C. App. 1, 13, 607 S.E.2d 25, 32 (2005), this Court held that the trial court lacked discretion to award costs not otherwise enumerated in the list set out in N.C. Gen. Stat. § 7A-305(d). *Id.* N.C. Gen. Stat. § 7A-305 states:

(d) The following expenses, when incurred, are also assessable or recoverable, as the case may be:

(1) Witness fees, as provided by law.

(2) Jail fees, as provided by law.

(3) Counsel fees, as provided by law.

(4) Expense of service of process by certified mail and by publication.

(5) Costs on appeal to the superior court, or to the appellate division, as the case may be, of the original transcript of testimony, if any, insofar as essential to the appeal.

(6) Fees for personal service and civil process and other sheriff's fees, as provided by law. . . .

(7) Fees of guardians ad litem, referees, receivers, commissioners, surveyors, arbitrators, appraisers, and other similar court appointees, as provided by law. . . .

(8) Fees of interpreters, when authorized and approved by the court.

(9) Premiums for surety bonds for prosecution, as authorized by G.S. 1-109.

N.C. Gen. Stat. § 7A-305(d) (2003).

This Court has upheld the awarding of witness fees for expert witnesses under subpoena, mediation fees, and service of process fees. *Handex*, 168 N.C. App. at 13, 607 S.E.2d at 32-33. However, this Court has found that the trial court erred in granting a request for deposition fees, because there was no statutory authority for the award of deposition costs. *Id.* at 13, 607 S.E.2d at 33. Additionally, this Court has found error in an award of costs for photocopies, telephone calls, photographs, trial diagrams and exhibits, and medical reports

and records, as those expenses are not authorized as costs pursuant to N.C. Gen. Stat. § 7A-305. *Overton v. Purvis*, 162 N.C. App. 241, 249-50, 591 S.E.2d 18, 24-25 (2004).

Here, the trial court erred in awarding numerous costs not authorized by N.C. Gen. Stat. § 7A-305 for medical reports, deposition costs, filing fees, travel costs, trial exhibits, color copies, and photocopies. We find statutory authority, however, for the following awards: mediation fees pursuant to N.C. Gen. Stat. § 7A-305(d)(7); expert witness fees pursuant to N.C. Gen. Stat. § 7A-305(d)(1); and service of process fees pursuant to N.C. Gen. Stat. § 7A-305(d)(6).

[9] In their related assignment of error, defendants also contend that the trial court abused its discretion in taxing against defendants certain expert fees pursuant to N.C. Gen. Stat. § 6-20 and 7A-305. We disagree.

N.C. Gen. Stat. § 7A-305(d)(1) states that witness fees are assessable as costs "as provided by law." *Id.* "This refers to the provisions of N.C. Gen. Stat. § 7A-314 which provides for witness fees where the witness is under subpoena." *Lord v. Customized Consulting Specialty, Inc.*, 164 N.C. App. 730, 735, 596 S.E.2d 891, 895 (2004). N.C. Gen. Stat. § 7A-314(d) (2003) provides that an expert witness "shall receive such compensation and allowances as the court . . . , in its discretion, may authorize." *Id.*

Here, the trial court awarded $4,502.00 in expert witness fees to Dr. Elsner for medical testimony with travel time, and $700.00 in expert witness fees to Dr. Meylor for preparation and testimony. Both expert witnesses were subpoenaed to testify and provided testimony on Oakes's condition. The trial court went on to find that the testimony of both expert witnesses was "clear, strong, and convincing" and "reasonably necessary in this case[.]" In light of these facts, we find no abuse of discretion by the trial court in awarding expert witness fees.

We conclude that the trial court did not err in instructing the jury and that there was no prejudicial error in the trial court's failure to give certain requested instructions. We also find the trial court did not err in granting a motion for directed verdict as to plaintiff's contributory negligence. We further conclude the trial court did not err in awarding certain expert witness fees pursuant to N.C. Gen. Stat. § 6-20 and 7A-305. However, as we find an abuse of discretion in the trial court's award of attorneys' fees and costs under Rule 37, and

a lack of statutory authority for the award of certain costs pursuant to N.C. Gen. Stat. § 6-20, we reverse those awards of attorneys' fees and costs to plaintiffs, and remand for entry of a new order as to costs consistent with this opinion.

Affirmed in part, reversed and remanded in part.

Judges McCULLOUGH and LEVINSON concur.